UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,                          :
                                                   :
           v.                                      :     **DECISION & ORDER**
                                                   :     20-CR-00295-1 (WFK)
STEVEN CARTER,                                     :
                                                   :
                   Defendant.                      :
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:** Steven Carter ("Defendant") was indicted by a grand jury in the Eastern District of New York on August 6, 2020. *See* Indictment, ECF No. 1. The indictment charges Defendant with being felons in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Id.* Defendant moved for access to records and papers used in connection with the construction of the Master and Qualified Jury wheels, and to dismiss the indictment. Def. Motion to Inspect ("Def's Mot."), ECF No. 7. For the reasons below, Defendant's motion is GRANTED in part and DENIED in part.

## BACKGROUND

On August 6, 2020, Defendant was indicted by a grand jury in the Eastern District of New York. *See* Indictment, ECF No. 1. The indictment charges Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Id.* Defendant filed a motion requesting access to the records and papers used in connection with the constitution of the Master and Qualified Jury wheels in the United States District Court for the Eastern District of New York pursuant to the Fifth and Sixth Amendments to the United States Constitution and the Jury Selection and Service Act ("JSSA"), 28 U.S.C. §§ 1867(a) and (f). Def's Mot., ECF No. 7. Defendant claims his right to a grand jury that represents a fair cross-section of the community may have been compromised because the indictment was returned by a grand jury sitting in Central Islip, as opposed to Brooklyn, after the courthouses were closed in March and most members of the public were under a stay at home order due to the COVID-19 pandemic ("COVID-19"). Def's Mot. at 1. Defendant also moved to dismiss the indictment—simply alleging that the grand jury selection procedures violated "Title 28 of the United States

1

Code"—and requested leave to supplement the motion upon inspection of the requested records. *Id.* at 4. On September 10, 2020, the Government opposed Defendant's motion to dismiss the indictment and consented to some of Defendant's inspection requests but opposed others. Response to Motion to Inspect Grand Jury Records ("Govt. Resp."), ECF No. 7. Specifically, the Government consented to Defendant "inspecting a limited set of data—namely, the county of residence, zip code, and, to the extent available, the race and age of the individuals listed in the Master Jury Wheel from which the Grand Jury was selected." Govt. Resp. at 2. For the reasons below, Defendant's motion is GRANTED in part and DENIED in part.

## **LEGAL STANDARD**

The Fifth and Sixth Amendments to the Constitution guarantee a criminal defendant trial by a jury selected from a fair cross-section of the community; this guarantee has been extended to grand juries by the JSSA. *Taylor v. Louisiana*, 419 U.S. 522, 530 (1975); *United States v. LaChance*, 788 F.2d 856 (2d Cir. 1986), *cert. den.* 479 U.S. 883 (1986); *United States v. Brown*, 116 F.3d 466 (2d Cir. 1997) (unpublished summary order). Notably, "[i]t is well-settled that neither the jury selection statute nor the Constitution requires that jurors be drawn from an entire district." *United States v. Bahna*, 68 F.3d 19, 24 (2d Cir. 1995) (citing cases); 28 U.S.C. § 1861(". . . all litigants in Federal courts entitled to a trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or *division* wherein the court convenes.") (emphasis added); *see also United States v. Shader*, 472 F. Supp. 3d 1, 3–4 (E.D.N.Y. 2020) (Irizarry, J.). Title 28 U.S.C. § 1867(f) provides, in pertinent part:

> The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except . . . as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section . . . . The parties in a case shall be allowed to inspect,

2

> reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion.

*Id.* The Supreme Court unequivocally has held that "[t]his provision makes clear that a litigant has essentially an unqualified right to inspect jury lists. It grants access in order to aid parties in the 'preparation' of motions challenging jury-selection procedures. Indeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious challenge." *Test v. United States*, 420 U.S. 28, 30 (1975) (*per curiam*). "Moreover, '[b]ecause the right of access to jury selection records is 'unqualified,' a district court may not premise the grant or denial of a motion to inspect upon a showing of probable success on the merits of a challenge to the jury selection provisions.' " *United States v. Pirk*, 281 F. Supp.3d 342, 343 (W.D.N.Y. 2017) (Wolford, J.) (quoting, *United States v. Royal*, 100 F.3d 1019, 1025 (1st Cir. 1996)) (collecting cases).

Nonetheless, access to materials under the JSSA is not unfettered. *See, United States v. Davis*, 2009 WL 637164, at *16 (S.D.N.Y. Mar. 11, 2009) (Sand, J.) ("[T]here is no absolute right of access to all materials relating to grand jury selection."). A defendant's unqualified right encompasses "only such data as [a defendant] needs to challenge the jury selection process." *United States v. Pirk*, 281 F. Supp.3d at 344. " '[T]he JSSA is not a license for litigants to rummage at will through all jury-related records maintained by the Clerk of Court.' " *Id.* (quoting *United States v. Savage,* 2012 WL 4616099, at *5 (E.D. Pa. Oct. 2, 2012)). "Moving Defendants do not have an absolute right of access to all materials relating to the grand jury selection; numerous courts have held that only the Master List from which the grand jury was selected need be turned over, . . . ." *United States v. Gotti*, 2004 WL 32858, at *11 (S.D.N.Y. 2004) (Casey, J.) (citations omitted; collecting cases). "The Master List is sufficient to comply with the Supreme Court's decision in *Test* because '[i]t is not the actual selection of

3

the grand jury which would constitute the violation but whether the jury was selected 'at random from a fair cross section of the community.' " *Id.* (quoting *United States v. Nichols*, 248 F. Supp.2d 1027, 1034 (D. Kan. 2003) (in turn quoting 28 U.S.C. § 1861)).

## **DISCUSSION**

Defendant in this case is entitled to access to some, but not all the information requested. The Court finds that permitting Defendant to access the limited information which the Government has no objection to providing—namely, the county of residence, zip code, and, to the extent available, the race and age of the individuals listed in the Master Jury Wheel from which the Grand Jury was selected—is sufficient for Defendant to determine whether his right to a grand jury selected from a fair cross section of the community was violated. Access to this limited set of data will provide the requisite information for Defendant to determine if a motion to dismiss is in fact warranted.

Accordingly, the Government is hereby directed to provide Defendant, by May 21, 2021, data reflecting the county of residence, zip code, and to the extent available, the race and age of the individuals listed in the Master Jury Wheel from which the grand jury that indicted Defendant was selected. *Cf. United States v. Gotti*, 2004 WL 32858, at *11 ("The Master List is sufficient . . .because it is not the actual selection of the grand jury which would constitute the violation but whether the jury was selected at random from a fair cross section of the community." (internal alteration and citation omitted)).

All other requests within Defendant's motion to inspect and the requests to interview the jury administrator are denied without prejudice to renew upon appropriate grounds after review of the information ordered to be produced herein. The Government shall submit any proposed protective order relating to the disclosed grand jury information by May 14, 2021.

## CONCLUSION

Accordingly, Defendant's motion to inspect is hereby GRANTED in part and DENIED in part. The Court directs the office of the United States Attorney for the Eastern District of New York to provide the documents it states Defendant is entitled to review in their September 18, 2020 letter, ECF No. 7.

**SO ORDERED.**

s/ WFK
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: April 19, 2021
      Brooklyn, New York