UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA

    -against-

STEVEN CARTER

    Defendant.
----------------------------------------------------------X

NOTICE OF MOTION

20 CR 295 (WFK)

    PLEASE TAKE NOTICE, that the defendant STEVEN CARTER, by and through his attorney, Michael P. Padden, Esq. of the Federal Defenders of New York, Inc., and upon the annexed declaration, will move the Court, before the Honorable William F. Kuntz II, United States District Judge for the Eastern District of New York, for an Order:

1. Suppressing physical evidence and post-arrest statements, pursuant to Fed. R. Crim. P. 12(b)(3)(C) and the Fourth and Fifth Amendments to the United States Constitution.

2. Granting such other and further relief as the Court may deem just and proper.

DATED:    BROOKLYN, N.Y.
              September 6, 2021

Respectfully submitted,

*Michael P. Padden*

MICHAEL P. PADDEN, ESQ.
Federal Defenders of New York, Inc.
1 Pierrepont Plaza, 16th Floor
Brooklyn, N.Y. 11201
(718) 330-1240

TO:    Jacquelyn M. Kasulis, Esq., Acting United States Attorney
        Eastern District of New York
        271 Cadman Plaza East
        Brooklyn, N.Y. 11201
        By:Assistant U.S. Attorney Nicholas Axelrod Esq.

CC:    Clerk of the Court (by ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA            :
                                    :
   -against-                              ATTORNEY DECLARATION
                                    :
STEVEN CARTER                       :
                                          20 CR 295 (WFK)
                                    :
         Defendant.                 :
------------------------------------------------------------X

I, MICHAEL P. PADDEN, declare under the penalty of perjury, pursuant to 28 U.S.C 1746, that the following is true and correct:

1) I am an attorney employed by the FEDERAL DEFENDERS OF NEW YORK, Inc., The attorney of record for the defendant, STEVEN CARTER.

2) This declaration is submitted in support of the defendant's motion pursuant to FRCP 12(b)(3) and the Fourth Amendment to the United States Constitution to suppress any and all physical evidence and statements acquired by law enforcement officers during and after a warrantless stop and search of the person of Mr. Carter's person on April 20th, 2020. Mr. Carter also seeks relief under the Fifth Amendment as and Miranda v. Arizona, 384 U.S. 436 (196) and its progeny.

3) This declaration based upon information and belief, the sources of which are the charging instruments filed herein, conversations with the defendant and prosecutors assigned to the case, as well as a review of "discovery" provided by the Government pursuant to FCRP 16 which includes video obtained through "body cameras" worn by the arresting officers.

1

## FACTUAL BACKGROUND

4) Steven Carter was standing on the corner of Dumont Avenue and Milford Street in Brooklyn, New York at about 11:25 p.m. on April 29, 2020. He was holding a bag of personal belongings. Several New York City Police Officers approached him asking, "What was he doing there?" and, "What was in the Bag?" Mr. Carter responded, in effect, "Nothing but my personal belongings," as one police officer seized the bag from him, and another placed him in handcuffs.

5) The police officers continued to question him about what he was doing there and where he lived which elicited a statement that inculpated him in the possession of the gun that was found in the bag by the police.

6) The body camera video also makes clear that the police told Mr. Carter that he was under arrest, but said nothing about his rights, particularly with respect to *Miranda*.

7) Indeed, during the entire ride to the 75th Precinct, while Mr. Carter remained handcuffed in the back seat of the police vehicle, conversations ensued between him and the police officers and him during which officers asked him questions about his criminal record. These questions elicited additional responses from Mr. Williams that we fear could be perceived and sought to be introduced against him as inculpatory. This all occurred without the benefit of

2

the required *Miranda* warnings.

LEGAL DISCUSSION

8) The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A seizure occurs when, under the circumstances, a reasonable person believes he is not free to leave. See Florida v. Bostick, 501 U.S. 429, 439 (1991). A seizure must be justified by probable cause or reasonable suspicion of criminal activity based on "specific articulable facts." See Terry v. Ohio, 392 U.S. 1, 21 (1968). In determining whether an officer had reasonable suspicion or probable cause to make a stop, a Court should assess both the content and reliability of the information possessed by the officer. See United States v. Bold, 19 F.3d 99, 102 (2d Cir. 1994).

9) Mr. Carter clearly has a legitimate expectation of privacy in the area searched, the bag in his possession and actually on his person. See United States v. Smith, 621 F.2d 483, 486 (2d Cir. 1980). Once a defendant demonstrates a legitimate expectation of privacy in the area searched, the burden switches to the government to prove the legality of a warrantless stop. See United States v. Ferguson, 130 F. Supp.2d 560, 566 (S.D.N.Y. 2001); Katz v. United States, 389 U.S. 347, 357 (1967) (warrantless searches presumptively unreasonable); United States v. Walker, 965 F.3d 180,187 (2d Cir. 2020) (citing *Terry*, 392 U.S. at 15, 88 S.Ct. 1868 ("Under our decision, courts still retain their traditional responsibility to guard against police conduct

which is over-bearing or harassing, or which trenches upon personal security without the objective evidentiary justification which the Constitution requires.")).

10) The Second Circuit has also recently made clear that the articulable facts must exists before the stop, or even a *Terry* frisk is made. United States v. Weaver, 975 F.3d 94, 100–01 (2d Cir. 2020). In that case, the search was deemed to have initiated when the officer instructed the defendant what he could do. *Id.* (officer told defendant to place his hands on the trunk of the car with legs spread apart." *Id.* A "search, like a seizure, may begin before there is any physical contact, at the time when 'a reasonable person would have believed that the search was being initiated.' *Id.* (citations omitted). Particularly pertinent to Mr. William's case is the Second Circuit's observation "[a]ctually touching a suspect 'with the intention of frisking him,' of course, constitutes a search." *Id.* (citations omitted). It is "at that point that [the officer] must have had an articulable and objectively reasonable belief that Weaver had something dangerous." *Id.* at 101.

11) *Weaver* is also instructive in the present case, in that whatever hunch an officer has that someone may be hiding something, he must have "specific or articulable facts that [the suspect] was hiding something *dangerous*." *Id.* at 103-104. There, the suspect's furtive moves inside a car getting pulled over were not enough. "It is not enough that officers rely on a suspicion that a suspect was hiding something, even if that something is contraband like drugs— rather, officers must have a suspicion based on articulable facts that the suspect was "hiding something dangerous." *Id.* at 109. *Weaver*, 975 F.3d at 105.

4

12) Because Mr. Carter was illegally seized and searched, the gun recovered as well as the statements made subsequent to his arrest must be suppressed as fruit of that arrest. <u>Dunaway v. New York</u>, 442 U.S. 200 (1979); <u>Wong Sun v. United States</u>, 371 U.S. 484-488 (1963). They were also taken in violation of *Miranda* and can be suppressed on that ground as well.

**WHEREFORE**, it is respectfully submitted that this Court should issue an order suppressing any fruits of the illegal search and any statements offered by the government. Alternatively, if there are clearly contested issues of fact in this case bearing on the validity of the search that warrant an evidentiary hearing. <u>See United States v. Pena</u>, 961 F.2d 333 (2d Cir. 1992).

Dated: September 6, 2021
Brooklyn, NY

Respectfully submitted,

*Michael P. Padden*

―――――――――――――――――
MICHAEL P. PADDEN
Federal Defenders of New York, Inc.
*Attorney for Steven Carter*

5