**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and
Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

February 21, 2022

**By ECF**
The Honorable William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

<u>Re: United States v. Steven Carter, 20-CR-295 (WFK)</u>

Your Honor:

I respectfully submit this letter with reference to the Government's First Motion in Limine, filed on February 14, 2022 at ECF 39.

<u>Procedural History</u>

On January 26, 2022, Your Honor ordered a two-day suppression hearing to begin on February 22, 2022, at 10:30 A.M. On February 14, 2022, the Government filed its First Motion in Limine, referenced above, to 1) provide notice of *Giglio* material, and 2) preclude cross examination as "neither relevant nor admissible." ECF 39.

On February 15, 2022, Your Honor directed the Government to provide Rule 26.2 material and exhibits to the defense. On February 17, 2022, the Government produced said materials, but did not provide records of investigations of either CCRB or IAB into Police Officers Morgan, Weekes, and Bilmes.

<u>Defense Position on Motion in Limine</u>

The Defense opposes the Government's Motion in Limine. We respectfully submit that *Giglio* compels disclosure of the records. If Your Honor disagrees, we seek *in camera* review of the records and their preservation as a marked exhibit for appellate purposes. *In camera* production is required under Rule 26.2(c) of the Rules of Criminal Procedure, which reads as follows:

> (c) Producing a Redacted Statement. If the party who called the witness claims that the statement contains information that is privileged or does not relate to the subject matter of the witness's testimony, the court must inspect the statement in camera. After excising any privileged or unrelated portions, the court must order

delivery of the redacted statement to the moving party. If the defendant objects to an excision, the court must preserve the entire statement with the excised portion indicated, under seal, as part of the record.

The Court can also easily reject the Government's argument that said records would be inadmissible at the hearing. It is settled law that under Rule 104 of the Federal Rules of Criminal Procedure, the rules of evidence are not applicable at suppression hearings, and further that inadmissible evidence may be considered on questions of admissibility even where such rules apply. *United States v. Matlock*, 416 U.S. 164, 169, 172-177 (1974). Thus, the Court has discretion to dispense with the rules of evidence (except as to privileges) at the upcoming hearing. *Id.;* Fed. R. Evid. 104(a). After *in camera* review, the Rules of Criminal Procedure contemplate that the Defendant be permitted time to examine the material and prepare for its use. Fed.R.Crim.Pro. 104(d).

Thank You for Your continued consideration of this matter.

>Sincerely,
>/s/ Michael P. Padden
>Michael P. Padden
>Federal Defenders of New York Inc.
>One Pierrepont Plaza, 16th Floor
>Brooklyn, NY 11201
>718.330.1240

cc: Counsel of Record