

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| DCP:NMA<br>F. #2020R00589 | *271 Cadman Plaza East*<br>*Brooklyn, New York 11201* |

February 22, 2022

<u>By ECF and Email</u>

The Honorable William F. Kuntz, II
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Steven Carter
                <u>Criminal Docket No. 20-295 (WFK)</u>

Dear Judge Kuntz:

      The government respectfully submits this letter in reply to the defendant's February 21, 2022 opposition to the government's first motion <u>in limine</u>. ECF No. 40 (the "Opposition"). For the reasons set forth below and in the government's motion <u>in limine</u>, ECF. No. 39, the government respectfully submits the Court should preclude the defense from cross-examining Officer Weekes and Officer Morgan regarding the Civilian Complaint Review Board ("CCRB") and New York City Police Department ("NYPD") Internal Affairs Bureau ("IAB") reports described in the government's motion (collectively, the "Reports").

      The Opposition contends, without any citation or argument, that "<u>Giglio</u> compels disclosure of the [Reports]." ECF No. 40 at 1. But as the government explained in its motion, the Reports have no bearing on either officer's character for truthfulness and therefore are not a basis for cross-examination under Rule 608 of the Federal Rules of Evidence. <u>See</u> ECF No. 39 at 5–6; <u>United States v. Daniels</u>, No. 21-CR-81 (KAM), ECF No. 52 at 4 (E.D.N.Y. Oct. 8, 2021) ("As a general matter, 'complaints against officers are not probative of a law enforcement witness's truthfulness or untruthfulness unless the underlying conduct involves dishonesty." (quoting <u>Bryant v. Serebrenik</u>, No. 15-CV-3762 (ARR), 2017 WL 713897, at *2 (E.D.N.Y. Feb. 23, 2017))).

      Alternatively, the Opposition contends that the Court should review the Reports <u>in camera</u> pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure. <u>See</u> Opp. at 1–2. But the Reports are not subject to Rule 26.2. They are neither "statements of the witness" nor do they "relate[] to the subject matter of the witness's testimony." Fed. R. Crim. P. 26.2(a). Rule 26.2(f) defines a witness statement as a writing signed or adopted by the witness, a "substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording," or a witness's prior grand jury testimony. <u>See</u>

Fed. R. Crim. P. 26.2(f).  The Reports do not fall within any of these categories.  They are summaries of third party investigations, not transcripts or detailed notes, and they were never signed or adopted by the officers who have not seen or reviewed them.  The Reports also do not "relate" to the "subject matter" of the witnesses' testimony, as Rule 26.2(a) requires.  If called, the government expects Officer Morgan and Officer Weekes to testify to their interactions with the defendant on April 29, 2020.  Testimony regarding prior stops involving other individuals in different locations months or years before or after the instant incident are not "related" to that testimony.  See United States v. Nosworthy, 707 F. Supp. 2d 415, 420–21 (E.D.N.Y. 2010) (prior testimony regarding an unrelated stop is not "related" to the subject matter of the officer's testimony).

III.     Conclusion

For the reasons stated above, and in the government's motion, the government respectfully submits that the Court should preclude the defendant from cross-examining the government's witnesses regarding the Reports.

Respectfully submitted,

BREON PEACE
United States Attorney

By:     /s/ Nick Axelrod
Nick M. Axelrod
Assistant U.S. Attorney
(718) 254-6883

cc:     Clerk of the Court (WFK) (by ECF)
Michael Padden, Esq. (by ECF)