UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA                 :
                                         :
     -against-                           :
                                         :        20-CR-295(WFK)
STEVEN CARTER,                           :
                                         :
          Defendant.                     :
-----------------------------------------------------X


**<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>**


ATTORNEY FOR DEFENDANT
**STEVEN CARTER**
Michael P. Padden
Assistant Federal Defender

Federal Defenders of New York
Eastern District of New York
1 Pierrepont Plaza, 16th Floor
Brooklyn, New York 11201
(718) 330-1240

## PRELIMINARY STATEMENT

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the defense, on behalf of Mr. Steven Carter, respectfully requests that the Court include the attached instructions in its charge to the jury.  In addition, the defense requests leave to offer such other and additional instructions as may become appropriate during the course of the trial.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA      :
        :
    -against-        :    **DEFENDANT'S PROPOSED**
        :    **PRELIMINARY INSTRUCTIONS**
STEVEN CARTER,      :
        :    20-CR-295 (WFK)
      Defendant.      :
-------------------------------------------------------X

**William F. Kuntz, II, United States District Judge:**

This is a criminal trial. The defendant, STEVEN CARTER, has been charged with a federal crime in an indictment. The defendant is presumed innocent. The government carries the burden of proving him guilty beyond a reasonable doubt for him to be convicted of the crime charged.

The indictment charges that:

On or about April 29, 2020, Mr. Carter knowingly and intentionally possessed a firearm, knowing that he had previously been convicted of a crime punishable by more than one year of imprisonment.

During this trial, you will hear evidence pertaining to the sole count of the indictment. After you have heard all of the evidence, I will give you specific instructions as to how you should consider the evidence with respect to the elements of the crime charged. You will then be asked to deliberate and deliver a verdict.

You must decide whether the government has met its burden before you return a verdict.

A unanimous verdict is required. The verdict will be: "Not guilty," "Guilty," or "We cannot agree unanimously." Do not tell me what the count was in the jury room if you report you cannot reach a verdict.

You must not do any research on your own through the internet or otherwise. If you have obtained knowledge related to the case, report it to me personally. Do not tell another juror what you learned. Do not discuss the case with each other or anyone else until I tell you to begin deliberations.

[Here, the Court could provide its standard explanation of the procedure in the case informally.]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA      :
     :
     -against-      :
     :
STEVEN CARTER,      :
     :
     Defendant.      :
-----------------------------------------------------X

**DEFENDANT'S PROPOSED
JURY INSTRUCTIONS**

20-CR-295 (WFK)

**WILLIAM F. KUNTZ, II., United States District Judge:**


**Table of Contents**

I.      Introduction ...........................................................................................................3

II.      General Rules ….......................................................................................................3

     A.      Role of the Court and the Jury ......................................................................3
     B.      Parties Are Equal Before the Court................................................................4
     C.      Presumption of Innocence.............................................................................4
     D.      Burden of Proof.............................................................................................5
     E.      Guilt or Innocence.........................................................................................6
     F.      Defendant's Right to Testify [If He Does Testify] ........................................7
     G.      Defendant's Right Not to Testify [If He Does Not Testify] ..................................7
     H.      Evidence .......................................................................................................8
         1.      Indictment Is Not Evidence ...............................................................8
         2.      Statements of Counsel Are Not Evidence .................................................9
         3.      Direct and Circumstantial Evidence..................................................9
         4.      Stipulations ….....................................................................................9
     I.      Witnesses......................................................................................................9
         1.      General Principles.............................................................................9
         2.      Testimony of Law Enforcement Officials ............................................10
         3.      Testimony of Out-of-Court Declarants [If Any].....................................10
         4.      Defendant's Out-of-Court Statements [If Any] .......................................10
         5.      Testimony of Expert Witnesses..........................................................11
     J.      Jury Communications with the Court ..............................................................12

III.      Legal Principles….....................................................................................................13

     A.      Dates Approximate ….......................................................................................13
     B.      Knowingly and Intentionally ….........................................................................13

IV.     Crime Charged and Elements ……………………………………………………..14

V.      Concluding Remarks ……………………………………………………………....17

VERDICT SHEET ……………………………………………………………………....18

## I.    <u>**Introduction**</u>

Ladies and Gentlemen of the Jury:

You have heard all of the evidence, as well as the arguments of counsel.  I will now instruct you on the law.  It is your duty to follow these instructions. My instructions will be in four parts.

First, I will instruct you regarding the general rules that govern the duties of a jury in a criminal case.

Second, I will instruct you as to the legal principles you should apply to the crime charged in this case.

Third, I will instruct you as to the specific elements of the crime charged in the indictment – that is, what the government must prove to warrant a finding of guilt.

Fourth, I will conclude by giving you some guidance regarding your deliberations.

Read the instructions along with me.  You may take them into the jury room.

## II.    <u>**General Rules**</u>

### A.    **Role of the Court and the Jury**

Your duty is to find the facts from the evidence presented in this case.  You are the sole judges of the facts – not the attorneys and not I.  It is for you to determine what weight to give the evidence, to resolve any conflicts that may appear in the evidence, and to draw inferences you deem reasonable in light of the evidence.

I will instruct you on the law.  You must apply the law in accordance with my instructions to the facts as you find them.  If any attorney has stated a legal principle that differs from any that I state to you in my instructions, you must be guided solely by what I instruct you.  You

should not single out any instruction as alone stating the law, but rather, should consider the instructions as a whole.

I have no view of whether the government has proved the defendant guilty beyond a reasonable doubt or not. Nothing I have said or done should be used by you in inferring that I have such a view.

Your decisions must be unanimous. All of you must agree as to the question on the verdict sheet. If you cannot reach a unanimous verdict, you will report that to the court.

### B.    Parties Are Equal Before the Court

The issue is whether the government has proven the defendant guilty beyond a reasonable doubt of the crime charged. No party is entitled to any sympathy or favor.

The fact that this prosecution is brought in the name of the United States does not entitle the government to any greater or lesser consideration than the defendant. The government and individuals are equal before this court.

### C.    Presumption of Innocence

As you know, the defendant has pleaded not guilty to the crime charged in the indictment. The defendant starts the trial here with a clean slate, with no evidence at all against him. The law presumes that he is innocent of all the charges against him. This presumption of innocence stays with him and this presumption alone is sufficient to acquit the defendant unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

The defendant is on trial only for the crime charged. If the defendant is not proven guilty beyond a reasonable doubt, you cannot find him guilty because you think he may have done something bad which was not charged.

Your verdict must be based solely on the evidence or lack of evidence at trial. You may not consider any personal feelings you may have about the defendant's race, religion, national origin, ethnic background, gender, or age. You may not consider any personal feelings you have about the nature of the crime charged. You must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

### D.     Burden of Proof

The government is the only party that bears a burden of proof. The government's burden is to prove guilt beyond a reasonable doubt with respect to each element of the crime charged. This burden never shifts. The defendant never has the burden of proving anything. The defendant has no obligation to prove to you in any way that he is innocent. The defendant does not have to introduce any evidence. If the government fails to carry its burden of proof as to any element of the particular offense charged, you must find the defendant not guilty. Whenever I say that the government must prove something, it must prove it beyond a reasonable doubt. When I say that you must find something, you must find it beyond a reasonable doubt.

Since, in order to convict the defendant of a given charge, the government is required to prove that charge beyond a reasonable doubt, the question then is: what is a reasonable doubt?

The words almost define themselves.  It is a doubt based upon reason.  It is doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is not caprice or whim.  It is not speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to the defendant's guilt with respect to a particular charge against him, you must find the defendant not guilty of that charge.

### E.      Guilt or Innocence[1]

Your function as jurors is to determine whether the government has proven the defendant's guilt beyond a reasonable doubt as to the one count of the indictment.  In your deliberations, you must ultimately decide whether the evidence demonstrates guilt beyond a reasonable doubt, not whether it establishes innocence.

As I have already explained, a defendant is presumed to be innocent, and that presumption continues until and unless you become convinced that the government has proven guilt beyond a reasonable doubt.  If the government does not bring forth proof raising to the level of proof beyond a reasonable doubt, you should acquit the defendant.  That is so whether or not you believe the defendant is actually innocent.

---

[1] Adapted in part from 1 Devitt and Blackmar, Federal Jury Practice and Instructions, §12.10 (4th ed. 1992); "Procedure, Questions and Statements on Taking Pleas of Guilty or Nolo Contendere" of the Honorable Edward R. Korman (E.D.N.Y.).

A defendant is never to be convicted on mere suspicion or conjecture.  Furthermore, if you, the jurors, view the evidence as reasonably permitting either of two conclusions – one of innocence, the other of guilty – you must reach a verdict of not guilty.

Thus, it sometimes happens in American courtrooms, and it has happened in this very courtroom, that a jury returns a verdict of not guilty even though everybody in the courtroom believes that the defendant might be guilty.  What the jury is saying in those cases is not that the defendant is innocent but rather that the government has failed to meet its burden of proving the defendant's guilt beyond a reasonable doubt.

### F.      Defendant's Right to Testify [If He Does Testify]

A defendant in a criminal case never has any duty to testify or present evidence.  This is because the burden of proof lies with the government.

In this case, Mr. Carter did testify and was subject to cross-examination like any other witness.  The fact that he testified does not lessen the burden on the government to prove the crime charged beyond a reasonable doubt.  You should examine and evaluate his testimony just as you would the testimony of any witness.  You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.

Mr. Carter's decision to testify does not shift the burden of proof onto him.  Do not ask yourself whether his testimony convinces you of his innocence.  Rather, you must consider whether the prosecution has proven his guilt beyond a reasonable doubt in light of all of the evidence before you.

### G.      Defendant's Right Not to Testify [If He Does Not Testify][2]

---

[2] Adapted from the charge of the Honorable Kevin T. Duffy in *U. S. v. Arturo Sanchez*, 73 Cr. 48 (S.D.N.Y.), pp. 224-225; Sand, *supra* §5.07, Instruction 5-21.

The defendant, Mr. Carter, did not testify in this case.  Under our constitution, the defendant has no obligation to testify or present any other evidence because the burden is upon the prosecution to prove the defendant guilty beyond a reasonable doubt of every element of each crime charged.  That burden remains with the prosecution throughout the entire trial and never shifts to the defendant.  The defendant has the right to rely upon the failure of the prosecution to establish such proof.  A defendant may also rely upon evidence brought out on cross-examination of the government's witnesses.  The law does not impose upon a defendant the duty of producing any witnesses.  A defendant is never required to prove that he is innocent.

You may not speculate as to why a defendant did not testify.  There are many reasons why a defendant may decide not to testify.  The defendant may choose not to testify because of the strain and tension of being a witness.  The defendant may be embarrassed by his inability to speak well in front of a group of people.  You are not to speculate as to these things.

You may not attach any significance to the fact that the defendant did not testify.  You may not draw any adverse inference against the defendant because he chose not to take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

### H.    Evidence

#### 1.    Indictment Is Not Evidence

An indictment is an accusation in writing.  It is not evidence of guilt.  It does not even raise any suspicion of guilt.  It is entitled to no weight in your judgment of the facts.

#### 2.    Statements of Counsel Are Not Evidence

Testimony from the witnesses and exhibits are evidence. A lawyer's questions without an answer, arguments, and opening and closing statements are not evidence.

Objections were made during the trial, and I ruled on those objections. Draw no inferences from the frequency of objections or from whether objections were sustained or overruled. Where an objection to a question was sustained, disregard the question and draw no inferences from its wording. Where testimony, a question, or a statement by an attorney was stricken, disregard it.

On occasion I gave you oral instructions on the law. Follow those instructions.

### 3. Direct and Circumstantial Evidence

You are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience. Use your common sense in drawing inferences. Do not engage in guesswork or speculation.

### 4. Stipulations

The attorneys for the United States and for the defendant have entered into stipulations. You are permitted to accept any matter stipulated as proved

### I. Witnesses

### 1. General Principles

Decide which testimony to believe and which testimony not to believe. Consider the following: each witness's demeanor and manner of testifying; the opportunity to see, hear, and know about the events described; the witness's ability to recall and describe those things; the reasonableness of the testimony in light of all of the other evidence in the case; and the interest of a witness in the outcome of the trial. Consider whether part of a witness's testimony was

contradicted or supported by other testimony, by what that witness said or did on a prior occasion, and by the testimony of other witnesses or by other evidence.

Discrepancies in testimony may be a basis for disbelieving a witness's testimony. Discrepancies in a witness's testimony or between the testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things, and even a truthful witness may be nervous and contradict himself. Two people witnessing an event may see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance. A willful falsehood should be considered seriously in considering credibility.

You must decide, based on your total impression of a witness, how to weigh the testimony. Use your common sense and judgment in deciding which part to believe.

If you find that a witness has willfully testified falsely as to an important matter, you may disregard the entire testimony of that witness. But, you may accept as much of the testimony as you find true and disregard what you find false. A witness may have been mistaken or may have lied with respect to part of the testimony while having been accurate with respect to other parts.

## 2.    Testimony of Law Enforcement Officials

Consider the testimony of law enforcement officials as you would any other evidence in the case, giving no greater or lesser weight to it solely on the basis of the status of the witness.

It is proper for Mr. Carter's attorneys to attempt to discredit a law enforcement witness on the grounds that his testimony may be influenced by personal or professional interest in the outcome of the case.

It is for you to decide what weight to give the testimony of law enforcement officials based on all of the evidence before you.

### 3.       Testimony of Out-of-Court Declarants [If Any]

You have heard evidence concerning what people outside the courtroom said about events.  You are entitled to consider these statements as evidence.  In evaluating these statements, remember that these individuals were not cross-examined before you when the statement was made.  In considering what weight to give statements of individuals who have not testified, apply the same credibility tests that you apply with respect to individuals who have testified.

### 4.       Defendant's Out-of-Court Statements [If Applicable][3]

Any statement alleged to be made by the defendant outside this courtroom must be considered with caution and weighed with great care.  Further, any such statement should be disregarded entirely unless the government has proven beyond a reasonable doubt that the statement was in fact made.  Furthermore, even if the government has proven beyond a reasonable doubt that the statement was in fact made, the statement should be disregarded entirely unless the government has also proven beyond a reasonable doubt that the statement was also knowingly made.

A statement is "knowingly" made if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

In determining whether any statement allegedly said by the defendant outside of the courtroom was knowingly made, you should consider his age, education, occupation, and

---

[3] Adapted from *Jackson v. Denno*, 378 U.S. 368 (1964); *United States v. Ross*, 719 F. 2d 615, 618 (2d Cir. 1983); *United States v. Barry*, 518 F.2d 342, 347-348 (2d Cir. 1975); *United States v. Fera*, 616 F.2d 590 (1st Cir.), *cert. denied*, 446 U.S. 969 (1980); and 2 E. Devitt and C. Blackmar, <u>Federal Jury Practice and Instructions</u> §15.06 (1977).

physical and mental condition and language abilities. You should also consider the circumstances of his arrest, custody or interrogation, and all other circumstances surrounding the making of the statements.

If, after considering the evidence, you determine that a statement was made and you also determine that a statement was knowingly made, you should give it such weight as you feel it deserves under the circumstances. In determining what weight to give the statement, you should consider the same factors you used in determining whether the statement was knowingly made. If, however, you determine that the statement was not knowingly made, you must disregard it in its entirety. And if you determine that the statement was not made, you must also disregard it in its entirety.

### 5. Testimony of Expert Witnesses

A person described as an expert is a witness who has acquired specialized knowledge by education, experience, or training. Such a witness is permitted to give an opinion and to give the reasons for it. An expert witness's testimony is not entitled to any greater weight or afforded any additional credibility simply because the person is an expert witness.

In weighing this testimony, you should consider the factors that generally bear upon the credibility of any witness, as well as the witness's education, training and experience, the soundness of the reasons given for the opinion, and all other evidence in the case. You should also consider whether the assumptions on which the witness relied were proven.

### J. Jury Communications with the Court

Communicate with me in writing to ask for any evidence, help on the law, or any other matter. You do this by giving a note to the Marshal.

You will have a list of witnesses.  You may ask for a transcript of any part of the testimony you wish to see.  Try to be specific.  You may ask to see any of the exhibits that were entered into evidence.  If you wish to see a video or audio recording, ask for it, and you may view it in open court.

III.  **Legal Principles**

A.  **Dates Approximate**

The indictment charges the defendant with conduct "on or about" certain dates.  The proof need not establish the exact date of the alleged offense.  It is sufficient that the offense was committed between dates reasonably near those alleged.

B.  **Knowingly and Intentionally**

The charge against Mr. Carter rests on the concepts of knowledge and intent.  The law holds individuals accountable only for conduct in which they intended to engage.  Therefore, before you can find the defendant guilty of the crime charged, you must be satisfied that he was acting knowingly and intentionally.

Knowingly: To act knowingly is to act voluntarily and deliberately, not because of ignorance, mistake, or accident.

Intentionally: To act intentionally means to act purposely to do something the law forbids.  The person need not be aware of the specific law he may be violating.  He must have the intent to do the act that the law forbids.

The issue of whether Mr. Carter acted knowingly and intentionally requires you to determine his state of mind at some time in the past.  The ultimate facts of criminal knowledge and intent, though subjective, may be established by evidence of the defendant's words, conduct,

acts, and all the surrounding circumstances and the rational and logical inferences you draw from all the evidence in the case. Each essential element of a crime charged must be established beyond a reasonable doubt.

The burden of proof beyond a reasonable doubt remains on the government to prove each element of a crime charged. That burden never shifts to the defendant.

## IV.    <u>Crime Charged</u>: Possession of a Firearm Following Conviction of Crime Punishable by More than One Year (18 U.S.C. §922(g))

The indictment in this case contains one count against the defendant. The indictment charges that on or about April 29, 2020, Mr. Carter knowingly and intentionally possessed a firearm, knowing that he had previously been convicted of a crime punishable by more than one year of imprisonment.

To prove Mr. Carter guilty of this crime, the government must prove each of the following four elements beyond a reasonable doubt:

**<u>First</u>**, that prior to the date of the offense, April 29, 2020,  Mr. Carter was convicted of a crime punishable by imprisonment for a term exceeding one year.

**<u>Second</u>**, that prior to the date of the offense, April 29, 2020, Mr. Carter knew that he had been convicted of such a crime.

**<u>Third</u>**, that on or about April 29, 2020, Mr. Carter knowingly and intentionally possessed a firearm.

**<u>Fourth</u>**, the government must prove that the firearm the defendant is charged with possessing was shipped or transported in interstate or foreign commerce prior to his possession of it.

I will now provide you additional instructions regarding each of these elements.

## A.       First Element—Prior Conviction

The first element the government must prove beyond a reasonable doubt is that before April 29, 2020 – the date Mr. Carter is charged with possessing the firearm – Mr. Carter had been convicted of a crime punishable by imprisonment for a term exceeding one year.

Mr. Carter and the government have stipulated that Mr. Carter was convicted of a crime prior to April 29, 2020, and that this crime is punishable by imprisonment for a term exceeding one year.

I instruct you that the prior conviction that is an element of the charge here is only to be considered by you for the fact that it exists, and for nothing else.  You are not to consider it for any other purpose.  You may not consider the prior conviction in deciding whether it is more likely than not that Mr. Carter was in fact in possession of the firearm that is charged in this case, which is disputed.

You are not to consider the prior conviction as evidence that the defendant is of bad character or has a propensity to commit crime.  Nor may you decide that he is a person who can be convicted on something less than proof beyond a reasonable doubt to prevent him from committing crimes.  You must consider the prior conviction only insofar as you are considering that element, and nothing more.[4]

---

[4] This is adapted from the pattern instruction contained in 2 L. Sand *et al.*, *Modern Federal Jury Instructions* 35-48 (2004), and incorporates the language typically given where the jury receives evidence of other crimes pursuant to Federal Rule of Evidence 404(b).  *See* 1 L. Sand *et al.*, *Modern Federal Jury Instructions* 5-26 (2004).  In *Old Chief v. United States*, 519 U.S. 172 (1997), the Court noted the risk in a felon-in-possession case that the prior conviction could "lure a juror into a sequence of bad character reasoning."  *Id*. at 180.  *Old Chief* held the defendant could therefore stipulate to an unnamed prior felony (which the defense will do in this case).

### B. Second Element—Knowledge of Prior Conviction

The second element the government must prove beyond a reasonable doubt is that before April 29, 2020 – the date Mr. Carter is charged with possessing the firearm – Mr. Carter knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

Mr. Carter and the government have stipulated that Mr. Carter knew he was convicted of a crime punishable by imprisonment for a term exceeding one year prior to April 29, 2020.

### C. Third Element—Possession of Firearm

The third element which the government must prove beyond a reasonable doubt is that on or about the date set forth in the indictment, Mr. Carter knowingly and intentionally possessed a firearm.

A "firearm" is any weapon which will, or is designed to, or may readily be converted to expel a projectile by the action of an explosive.

To "possess" means to have something within a person's control.

To satisfy this element, you must also find that Mr. Carter knowingly possessed the firearm. This means that he possessed the firearm purposely and voluntarily, that he knew he possessed it, and not by accident or mistake. It also means that he knew that the item was a firearm, as we commonly use that word.

### D. Fourth Element—Firearm In and Affecting Commerce

The fourth element that the government must prove beyond a reasonable doubt is that the firearm Mr. Carter is charged with possessing was in or affected interstate commerce.

---

The defense submits the risk of prejudice remains and that some elaboration on the pattern instruction is important.

This requires the government to prove that at some time prior to Mr. Carter's possession, the firearm had traveled in interstate commerce.  It is sufficient for the government to satisfy this element by proving that at any time prior to the date charged in the indictment, the firearm crossed a state line.

V.      **Concluding Remarks**

On the verdict sheet, your foreperson will indicate your unanimous verdict when you reach it.  You may reach one of two verdicts: "not guilty" or "guilty." If you cannot reach a unanimous verdict, report that to the court.

Do not communicate with anyone outside the jury room except the court about your deliberations or about anything with respect to this case.  You may send a note to me, through the Marshal, signed by your foreperson asking for help on the law or for any other assistance.

If you are divided, do not report how the vote stands. If you have reached a verdict, do not report what it is to anyone until you are asked in open court.

Render your verdict without fear, without favor, without prejudice, and without sympathy.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA     :
        :
    -against-        :
        :        20-CR-295 (WFK)
STEVEN CARTER,           :
        :
      Defendant.       :
------------------------------------------------------X

## <u>VERDICT SHEET</u>

On the sole count of knowing and intentional possession of a firearm, while knowing that

he had previously been convicted of a crime punishable by more than one year of imprisonment,

how do you find Mr. Carter?

_____ Not Guilty

_____ Guilty

<u>CONCLUSION</u>

The defense, on behalf of STEVEN CARTER, respectfully requests that the Court include the foregoing instructions in its charge to the jury and may seek to supplement these instructions following the receipt of evidence.

Dated: March 4, 2022
      Brooklyn, New York

 

ATTORNEY FOR DEFENDANT
**STEVEN CARTER**
Michael P. Padden, Esq.
Assistant Federal Defender

Federal Defenders of New York
Eastern District of New York
1 Pierrepont Plaza, 16th Floor
Brooklyn, New York 11201
(718) 330-1240

To:    Clerk of Court (by ECF)
       Counsel of Record