

**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and
Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

March 4, 2022

**Via Email and ECF**
The Hon. William F. Kuntz, II
United District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: <u>United States v. Steven Carter, 19-CR-549 (SJ)</u>

Your Honor:

  This matter is scheduled for jury selection on March 28, 2022. The defense respectfully submits the following proposed Voir Dire requests pursuant to Federal Rule of Criminal Procedure 24(a).

  In addition to the Court's customary individual questions about the prospective jurors' background, occupations, hobbies, previous prior jury service, and the types of media they consume, we respectfully request consideration of the following case-specific questions.

**I. Defendant's Statement of the Case**

  Mr. Carter requests that this Court include the following in any description of the case, particularly if the Court plans to read the indictment to the jury:

> The Government has brought only one charge against Mr. Carter: possession of a firearm after having previously been convicted of a crime punishable by imprisonment of more than one year. Mr. Carter denies his guilt. That's what this case is about.

**II. Critical Issues Regarding This Particular Case**

  A. <u>Prejudice Relating to the Charge of Gun Possession</u>

1

1.      As you know, this charge involves possession of a gun.  Both sides need to know if you have opinions or feelings about gun possession that would make it challenging for you to be fair and impartial in this case, as opposed to another type of case.  I therefore want to ask you some preliminary questions about this.

2.      Think for a moment about what came to mind when you heard that the case involved gun possession.  Do you have feelings, opinions or experiences about guns or gun laws that either side ought to know in evaluating your ability to render a fair and impartial verdict in a gun case?   Examples of these might be that you have had negative or positive experiences with guns, or have advocated for gun control or gun rights, or that you have made assumptions about people who are in the proximity of weapons.  Now is the time to tell us or request a sidebar to advise the parties so that they can assure themselves of your ability to be fair and impartial in this, as opposed to a different kind of case.

3.      Have you, or any friends or family members, been the victim of or involved in a gun-related incident or crime?  If you would like to answer this in private, you may do so at sidebar.   (Follow-up questions could explore the nature of the incident, whether perpetrators were found and convicted, how the prospective juror felt about the process and the punishment or lack thereof of the perpetrator, and whether these experiences would prevent the prospective juror from presuming Mr. Carter's innocence or holding the Government to the burden of proof beyond a reasonable doubt and rendering a verdict based only on the evidence in this case without reference to those prior experiences.)

  B. Experiences With Law Enforcement

4.      This case is expected to involve testimony about law enforcement interactions with civilians.  Have you or any close friends or family members ever been stopped or questioned by a police officer or other law enforcement officer?  Describe those experiences. Did you consider the experiences to be positive or negative?  How might these experiences affect your judgment or evaluation of the Government's evidence in this particular case or your consideration of law enforcement officer testimony?

  C. Prior Conviction

5.      The charge in this case requires the Government to prove that Mr. Carter was previously found guilty of a crime punishable by more than one year. Think for a moment about what comes to mind when you hear about this.  Does it make you more or less likely to think he committed the crime charged in this case?  Would the fact of a prior conviction affect your ability to apply the presumption of innocence to the case charged here?  Is there you believe either side ought to know on these questions?  Now is the time to tell us or request a sidebar.

  D. Presumption of Innocence and Burden of Proof on the Government

6. I will be giving you instructions on the law at the end of the case, and not all of these will come naturally to you. I now want to find out if these are instructions that you personally can follow. The parties and the Court are depending upon your candor about your ability to follow the law, and if you wish you may request to answer these questions privately at sidebar.

    a) Presumption of Innocence – When you came to Court today, and heard this was a criminal case, and you saw the defendant sitting there, what were your thoughts about whether he had done anything wrong? Were any of you thinking that he must have in order to be charged in this criminal case?

    Our law says that an indictment is merely a charge. It is proof of nothing, No negative conclusion may be drawn against the defendant because he has been indicted by a grand jury. Is this a legal instruction that you might have trouble following?

    b) Burden of Proof on the Prosecution -- This prosecution is brought by the United States Attorney's Office for the Eastern District of New York. When you learned about that, were any of you thinking that the United States Attorney's Office would not bring a prosecution such as this *unless* the defendant was guilty?

    Our law says that anyone accused of a crime is presumed to be innocent and that the presumption of innocence alone qualifies the defendant for an acquittal unless the jury finds that the Government has proven guilt beyond a reasonable doubt. Having thought about this, do you believe you would personally have any hesitation following this instruction?

    b) No Burden of Proof on the Defense – I am going to ask you now about whether any of you expect Mr. Carter to testify or present evidence on his own behalf in this trial. Think about that for a moment.

    Now, imagine that Mr. Carter does testify. Do any of you think he then takes on the burden of proving that he is innocent?

    Now, imagine that Mr. Carter does not testify. Do any of you think that he is probably guilty because he did not testify?

    Our law says that at all times the burden of proof is upon the Government; and that if a defendant testifies or offers evidence, he

3

takes on no burden. The law also says that if a defendant does not testify or offer evidence, you may not draw negative conclusions about his guilt. It is the Government and the Government alone that bears the burden of proving a defendant guilty beyond a reasonable doubt. Having thought about this, do you believe you would personally have any hesitation following this instruction?

7. (To be asked after all other questions have been covered) The process of jury selection is intended to reveal possible reasons why this particular case might not be the right type of case for your jury service. There may be areas that have not come up thus far in the questioning that the prosecution, the defense, or the Court should know about regarding your ability to serve conscientiously, fairly and impartially in this case? If so, now is the time to reveal that. So, I ask once again if any of you have any personal experiences, opinions, or feelings that could impact upon your ability to be a fair and impartial juror in this gun possession case?

<u>Authority</u>

Voir dire questioning being critically important to obtaining a fair and impartial jury, *see e.g.*, *Swain v. Alabama*, 380 U.S. 202, 218-20 (1965), if challenges for cause and peremptory challenges are not to be empty rights, the Court must permit "sufficient inquiry into the background and attitudes of the jurors." *U.S. v. Dellinger*, 472 F.2d 340, 368 (7th Cir. 1972), *cert. denied*, 410 U.S. 970 (1973). "Determining whether a juror is biased or has prejudged a case is difficult, partly because the juror may have had an interest in concealing his own bias and partly because the juror may be unaware of it." *Smith v. Phillips*, 455 U.S. 209, 221-22 (1982) (O'Connor, J., concurring). A prospective juror's "assurances that he is equal to [the] task cannot be dispositive." *Murphy v. Florida*, 421 U.S. 794, 800 (1975). Accordingly, we have offered inquiries on the pertinent case-related subjects that permit prospective jurors to respond in narrative form, as opposed to "yes or no," responses. Narrative responses provide the parties with more reliable information than simple conclusory self-report, and mitigate the danger of prospective jurors being ashamed to proclaim their bias or prejudice in open court.

Thank You for Your attention to this matter.

Respectfully Submitted,
/s/
Michael P. Padden, Esq.
Assistant Federal Defender
(718) 330-1240

cc: Counsel of Record