DCP:NMA
F. #2020R00589

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

STEVEN CARTER,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

Docket No. 20-CR-295 (WFK)

MEMORANDUM OF LAW IN SUPPORT
OF THE GOVERNMENT'S MOTIONS *IN LIMINE*

BREON PEACE
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Nick M. Axelrod
Assistant U.S. Attorney
    (Of Counsel)

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND .............................................................................................................. 2

    I.  The Defendant's Arrest .......................................................................................... 2

    II.  The Defendant's Criminal History .......................................................................... 3

ARGUMENT .................................................................................................................. 3

I.  The Court Should Permit the Government to Introduce Portions of Video Footage and Preclude the Defendant from Offering Other Portions ........................................ 3

    A.  Applicable Law ................................................................................................ 3

    B.  Discussion ....................................................................................................... 5

II.  Evidence of the Defendant's Prior Firearm Possession Is Admissible Pursuant to Rule 404(b) ......................................................................................................... 6

    A.  Applicable Law ................................................................................................ 7

    B.  Discussion ....................................................................................................... 7

III.  The Government Should Be Permitted to Cross-Examine the Defendant About a Prior Felony Conviction If He Testifies .................................................................... 9

    A.  Applicable Law .............................................................................................. 10

    B.  Discussion ..................................................................................................... 11

IV.  The Court Should Preclude Evidence and Argument Concerning the Defendant's Possible Punishment ............................................................................................ 12

V.  The Defense Should Not Be Permitted to Raise the Disbanding of the Anti-Crime Squad ................................................................................................................. 14

CONCLUSION .............................................................................................................. 15

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>Davis v. Alaska</u>, 415 U.S. 308 (1974) ........................................................................ 13

<u>Jones v. City of New York</u>, No. 98-CV-6493 (LBS),

    2002 WL 207008 (S.D.N.Y. Feb. 11, 2002)........................................................ 10

<u>Shannon v. United States</u>, 512 U.S. 573 (1994) ........................................................ 12

<u>United States v. Barret</u>, No. 10-CR-809 (S-3) (KAM),

    2011 WL 6704862, (E.D.N.Y. Dec. 21, 2011) ................................................... 8

<u>United States v. Barris</u>, 377 F. App'x 93 (2d Cir. 2010) ........................................... 8

<u>United States v. Black</u>, No. 13-CR-316 (DLI),

    2014 WL 5783067 (E.D.N.Y. Nov. 5, 2014) ..................................................... 4

<u>United States v. Blume</u>, 967 F.2d 45 (2d Cir. 1992) ................................................. 13

<u>United States v. Brand</u>, 467 F.3d 179 (2d Cir. 2006) ................................................. 7

<u>United States v. Cooper</u>, No. 19-CR-159 (ARR),

    2019 WL 5394622 (E.D.N.Y. Oct. 22, 2019).................................................... 4

<u>United States v. Crumble</u>, No. 18-CR-32 (ARR),

    2018 WL 2016852 (E.D.N.Y. May 1, 2018) ...................................................... 9

<u>United States v. Davidson</u>, 308 F. Supp. 2d 46 (S.D.N.Y. 2004).............................. 4, 6

<u>United States v. DiMarzo</u>, 80 F.3d 656 (1st Cir. 1996) ............................................. 13

<u>United States v. Edwards</u>, 631 F.2d 1049 (2d Cir. 1980) .......................................... 12

<u>United States v. Estrada</u>, 430 F.3d 606 (2d Cir. 2005) ......................................... 10, 11

<u>United States v. Fawwaz</u>, 691 F. App'x 676 (2d Cir. 2017)....................................... 4

<u>United States v. Garcia</u>, 291 F.3d 127 (2d Cir. 2002) ............................................... 9

<u>United States v. Glover</u>, 101 F.3d 1183 (7th Cir. 1996)............................................ 5

United States v. Gupta, 747 F.3d 111 (2d Cir. 2014) ...................................................... 5

United States v. Hayes, 553 F.2d 824 (2d Cir. 1977) ............................................... 10, 11

United States v. Hill, 658 F. App'x 600 (2d Cir. 2016)................................................... 4

United States v. Jackson, No. 19-CR-356 (ARR),

   2020 WL 7060141  (E.D.N.Y. Dec. 2, 2020) ............................................................ 8

United States v. Jimenez, 214 F.3d 1095 (9th Cir. 2000) ........................................... 10

United States v. Johnson, 507 F.3d 793 (2d Cir. 2007)............................................. 4, 5

United States v. LaFlam, 369 F.3d 153 (2d Cir. 2004)................................................. 7

United States v. Lange, 834 F.3d 58 (2d Cir. 2016) ..................................................... 5

United States v. Levy, 731 F.2d 997 (2d Cir. 1984) ...................................................... 7

United States v. Lewis, 110 F.3d 417 (7th Cir. 1997) ................................................. 13

United States v. Marin, 669 F.2d 73 (2d Cir. 1982) ................................................. 3, 4

United States v. Mitchell, 502 F.3d 931 (9th Cir. 2007) .............................................. 6

United States v. Paulino, 445 F.3d 211 (2d Cir. 2006)................................................. 7

United States v. Slaughter, 248 F. App'x 210 (2d Cir. 2007).................................... 7, 8

United States v. Sloman, 909 F.2d 176 (6th Cir. 1990)............................................. 10

United States v. Smith, 131 F.3d 685 (7th Cir. 1997) ............................................... 10

United States v. Taylor, 767 F. Supp. 2d 428 (S.D.N.Y. 2010) ............................... 8, 9

United States v. Thomas, 116 F.3d 606 (2d Cir. 1997) ............................................. 13

United States v. Thomas, 214 F. Supp. 3d 187 (E.D.N.Y. 2016) ............................... 10

United States v. Vallejos, 742 F.3d 902 (9th Cir. 2014)............................................... 5

United States v. Watts, 934 F. Supp. 2d 451 (E.D.N.Y. 2013).................................... 12

United States v. Williams, 526 F. App'x 29 (2d Cir. 2013) ...................................... 8, 9

United States v. Williams, 930 F.3d 44 (2d Cir. 2019) ................................................................. 5

**State Statutes**

New York Penal Law § 220.16 ................................................................................................... 3, 11

New York Penal Law § 265.01-B ................................................................................................ 3, 6

New York Penal Law § 265.02 ....................................................................................................... 3

**Rules**

Fed. R. Evid. 401 ........................................................................................................................... 12

Fed. R. Evid. 403 ........................................................................................................................ 7, 12

Fed. R. Evid. 404 ............................................................................................................................. 6

Fed. R. Evid. 609 ........................................................................................................................... 10

Fed. R. Evid. 801 ......................................................................................................................... 3, 4

Fed. R. Evid. 802 ............................................................................................................................. 3

**Other Authorities**

Sand et al., Modern Federal Jury Instructions (2017 ed.) ............................................................ 12

<u>PRELIMINARY STATEMENT</u>

The government respectfully submits this memorandum of law in support of its motions <u>in limine</u> in anticipation of trial, which is scheduled to begin on March 28, 2022.  The defendant Steven Carter is charged with possessing a firearm and ammunition as a previously convicted felon on April 29, 2020, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).  The government respectfully requests that the Court:[1]

1) permit the government to introduce video footage of the defendant's arrest and preclude the defendant from introducing his own self-serving hearsay statements;

2) permit the government to introduce evidence of the defendant's prior possession of a firearm on August 3, 2013;

3) permit the government to cross-examine the defendant about certain prior felony convictions if he testifies;

4) preclude the defendant from mentioning at trial, during jury addresses, cross-examination or otherwise, any consequences the defendant may face upon conviction; and

5) preclude the defendant from referencing at trial that NYPD Anti-Crime Squad was disbanded after the defendant's arrest.

For the reasons set forth herein, the Court should grant the government's motions <u>in limine</u>.

---

[1] This memorandum cannot anticipate every type of evidence and testimony that will be offered at trial and does not detail all the specific testimony the government will elicit at trial.  The government respectfully reserves its right to supplement this filing with additional papers setting forth legal authority for the introduction of evidence and/or additional motions <u>in limine</u> as legal issues are identified closer to trial, the government interviews potential witnesses, or in response to any objection by defense to the introduction of evidence.  The government will meet and confer with defense counsel to attempt to resolve any issues as they arise prior to engaging in motion practice.

<u>BACKGROUND</u>

I.     <u>The Defendant's Arrest</u>

   The defendant is charged with being a felon in possession of a firearm.  At trial, the government expects to establish the following facts.[2]  On April 29, 2020, at approximately 11:30 p.m., three New York City Police Department ("NYPD") officers conducting an anti-crime patrol were driving southbound on Milford Street in East New York, Brooklyn, when Officer Kevin Morgan saw the defendant, standing alone on the corner of Dumont Avenue and Milford Street clutching a wrinkled, brown paper bag.  As their car drew closer to the defendant, Officer Morgan noticed that the defendant was pacing back and forth and appeared nervous. After locking eyes with Officer Morgan, the defendant attempted to move the wrinkled, brown paper bag out of view, and as he did so, he clutched the bag tightly, revealing the outline of a firearm in the bag.  Officer Renaldo Weekes and Officer Morgan exited their vehicle and approached the defendant.  Officer Morgan patted the sides of the bag and felt what he believed was a firearm and what turned out to be a Smith & Wesson .40 Caliber pistol loaded with 11 rounds in the magazine and one in the chamber.

   The officers arrested the defendant for criminal possession of a weapon. Following his arrest, Officer Morgan asked the defendant standard pedigree questions, including his name, whether he was on parole, and where he lived.  And in response, the defendant told the officers that he did not like the neighborhood where he was arrested and that he had borrowed his cousin's "piece."

---

  [2]     The proffer of facts set forth herein is not a complete statement of all facts and evidence of which the government is aware or will seek to introduce at trial.  Unless otherwise indicated, all statements set forth in this memorandum are provided in sum and substance and in relevant part.

II.    The Defendant's Criminal History

The defendant is a four-time felon.[3]  On February 27, 2012, the defendant pleaded guilty to Attempted Second Degree Robbery, a Class D felony under New York Penal Law ("N.Y.P.L.) § 160.10 (01) and was sentenced to two years of imprisonment and two years of post-release supervision.  On July 25, 2014, he pleaded guilty to Criminal Possession of a Firearm, Class E felony under N.Y.P.L. § 265.01-B(01) and was sentenced to two to four years imprisonment.  At the time of his arrest for this offense, the defendant was on parole for his 2012 conviction, and his parole was revoked as a result.  On October 23, 2020, the defendant was convicted of Attempted Criminal Possession of a Controlled Substance in the Third Degree – Intent to Sell, a Class C felony under N.Y.P.L. § 220.16 (01) and Criminal Possession of a Weapon in the Third Degree, a Class D felony under N.Y.P.L. § 265.02 (01).  For these offenses, he was sentenced to 35 months to four years imprisonment.  The defendant's October 2020 conviction, for criminal possession of a weapon, was based on conduct that occurred _after_ his arrest on the instant charges and while he was on pre-trial release.

ARGUMENT

I.    The Court Should Permit the Government to Introduce Portions of Video Footage and Preclude the Defendant from Offering Other Portions

A.    Applicable Law

"When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible."  United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982); Fed. R. Evid. 801(c), 802.  In general, a defendant may not "attempt to get his

---

[3]    He has also three times been convicted of misdemeanor assault in violation of N.Y.P.L. § 120.00(01), in connection with arrests on July 31, 2010, August 25, 2011, and February 25, 2015.  The 2015 assault occurred while he was in prison.

side of the . . . story in front of the jury without himself testifying and opening himself up to cross-examination."  United States v. Davidson, 308 F. Supp. 2d 461, 480 (S.D.N.Y. 2004); see United States v. Cooper, No. 19-CR-159 (ARR), 2019 WL 5394622, at *6 (E.D.N.Y. Oct. 22, 2019) ("[T]he rule against hearsay would bar [the defendant] from introducing his own out-of-court statements offered to prove the truth of the matter asserted.").  Conversely, when the government offers a defendant's out-of-court statements for their truth, those statements are not hearsay, they are "simply a statement of the opposing party" and admissible pursuant to Federal Rule of Evidence 801(d)(2)(A).  Marin, 669 F.2d at 84.

Importantly, these rules preclude the defendant from offering his own prior statements even where the government offers parts of those statements.  See United States v. Hill, 658 F. App'x 600, 605 (2d Cir. 2016) (summary order) (affirming district court's parsing of a defendant's recorded statement to admit the discrete inculpatory statements and exclude the other self-serving statements that he was "innocent"); United States v. Johnson, 507 F.3d 793, 796-97 (2d Cir. 2007) (holding that the court properly bifurcated a defendant's post-arrest statement and precluded the defense from introducing a self-serving portion of the defendant's post-arrest statement); United States v. Black, No. 13-CR-316 (DLI), 2014 WL 5783067, at *2 (E.D.N.Y. Nov. 5, 2014) ("[T]he defendant's self-serving, exculpatory statements are inadmissible hearsay . . . .").

As a result, courts often parse a defendant's statements to admit the inculpatory statements offered by the government and exclude the self-serving, unconnected statements offered by the defendant.  See United States v. Fawwaz, 691 F. App'x 676, 678 (2d Cir. 2017) (affirming district court's refusal to admit certain statements noting that "admitted statements [were] independent of the omitted statements"); United States v. Lange, 834 F.3d 58, 79 (2d Cir.

2016) (holding that "omitted statements were generally post-hoc explanations for prior conduct, which did not alter the meaning of the admitted redacted portion"); Johnson, 507 F.3d at 796 ("The admitted portion of the confession related to [the defendants'] plans to execute the robbery, while the redacted portion related to the execution of the robbery."); United States v. Gupta, 747 F.3d 111, 139 (2d Cir. 2014); see also United States v. Vallejos, 742 F.3d 902, 905 (9th Cir. 2014) ("[I]t is often perfectly proper to admit segments of prior testimony without including everything . . . ." (citation omitted)).

Ultimately, the burden rests with the defendant to demonstrate that the portions of the statement he seeks to offer are necessary to clarify or explain the portions the government intends to offer.  See United States v. Williams, 930 F.3d 44, 60 (2d Cir. 2019) (observing that defendant "had to demonstrate that admission of" his statements was necessary to explain other statements); see also United States v. Glover, 101 F.3d 1183, 1190 (7th Cir. 1996) ("[T]he proponent of the additional evidence sought to be admitted must demonstrate its relevance to the issues in the case, and must show that it clarifies or explains the portion offered by the opponent.").

B.   Discussion

The government moves in limine to introduce video, including the body camera footage of the Officers who located, arrested, and processed the defendant.  The Officers will offer testimony to authenticate the video footage; specifically, that the footage is a fair and accurate depiction of what they saw and did the night of April 29, 2020.  In the portions of the video footage the government is likely to introduce, the defendant, in sum and substance, stated that the bag containing the firearm was his and told the officers that he asked his cousin for the firearm because the neighborhood was not safe.

The Court should permit the government to redact—and preclude the defendant from introducing, through argument, cross-examination or otherwise—any of his self-serving statements in the video footage.  Among other things, following his arrest, the defendant repeatedly questioned the officers regarding why they stopped him.  The defendant's statements regarding the reasons for the stop are unrelated to his statements about possessing the firearm and he should not be permitted to introduce them.  The defendant is free to take the stand and testify on his own behalf.  He should not, however, be permitted to elicit his self-serving statements captured in video and body camera footage from other witnesses through inadmissible hearsay.  See Davidson, 308 F. Supp. 2d 461, 480 (S.D.N.Y. 2004) (explaining that a defendant may not "attempt to get his side of the . . . story in front of the jury without himself testifying and opening himself up to cross-examination"); see also United States v. Mitchell, 502 F.3d 931, 964 (9th Cir. 2007) (holding that the defendant was properly precluded from eliciting, on cross-examination of government agents, exculpatory statements that he had made during interviews with agents, since those statements were inadmissible hearsay).

Accordingly, the Court should permit the government to introduce portions of video footage captured on police body-worn cameras and preclude the defendant from introducing any self-serving or falsely exculpatory statements.

II.   Evidence of the Defendant's Prior Firearm Possession Is Admissible Pursuant to Rule 404(b)

On March 4, 2022, the government notified the defendant that it would seek to introduce at trial evidence related to the defendant's prior conviction for Criminal Possession of a Firearm, in violation of N.Y.P.L. § 265.01-B(01) pursuant to Federal Rule of Evidence 404(b). See ECF No. 46 (the "404(b) Notice").  As set forth in this section, the evidence identified in the 404(b) Notice should be admitted at trial.

A.      Applicable Law

Pursuant to Federal Rule of Evidence 404(b), evidence of other crimes, wrongs, and acts, while not admissible to prove propensity to commit a crime, is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).  The Second Circuit evaluates Rule 404(b) evidence under an "inclusionary approach" which "allows such evidence to be admitted for any purpose other than to demonstrate criminal propensity." United States v. LaFlam, 369 F.3d 153, 156 (2d Cir. 2004); see also, e.g., United States v. Levy, 731 F.2d 997, 1002 (2d Cir. 1984) (Rule 404(b) sets forth only a "non-exhaustive list of purposes for which other act or crime evidence may be admitted"). In general, the government "is required to establish only a similarity or some connection" to establish that a prior act is relevant to one of the elements . . . of the crime charged." United States v. Brand, 467 F.3d 179, 197 (2d Cir. 2006).  Evidence admissible pursuant to Rule 404(b) should not be excluded on grounds of unfair prejudice under Rule 403 where the evidence does not "involve conduct more inflammatory than the charged crime."  United States v. Paulino, 445 F.3d 211, 223 (2d Cir. 2006).

B.      Discussion

The Court should permit the government to introduce evidence of the defendant's prior possession of a loaded firearm when he was arrested on August 3, 20213. The Second Circuit has ruled that evidence of a defendant's prior possession of firearms is admissible pursuant to Rule 404(b) in firearms-possession prosecutions.  For example, in United States v. Slaughter, the Second Circuit held that evidence "showing that a defendant possessed a handgun prior to the charged crime is properly admitted to show access to such a weapon." 248 F. App'x 210, 212 (2d Cir. 2007) (summary order).  Specifically, in Slaughter, the Second Circuit affirmed

the district court's finding that evidence of two other incidents of the defendant's possession of semi-automatic handguns and matching ammunition was relevant to show the defendant had access to such weapons, and that the probative value of such evidence was not substantially outweighed by the danger of unfair prejudice, in affirming the defendant's conviction of possession of ammunition by a convicted felon.  Id. at 212-13; see also United States v. Barris, 377 F. App'x 93, 95-96 (2d Cir. 2010) (summary order) (affirming admission "of evidence concerning [defendant's] prior arrest and conviction for firearms possession" in § 924(c) prosecution).

Courts within this District have followed the Circuit's precedent.  See United States v. Jackson, No. 19-CR-356 (ARR), 2020 WL 7060141, at *1 (E.D.N.Y. Dec. 2, 2020) ("I agree that the evidence of [the defendant's] prior gun possession is probative of access."); United States v. Barret, No. 10-CR-809 (S-3) (KAM), 2011 WL 6704862, at *19 (E.D.N.Y. Dec. 21, 2011) ("The court finds that the proffered firearms conviction evidence . . . is relevant to the issues of opportunity, absence of mistake and access to firearms."), aff'd, 677 F. App'x 21 (2d Cir. 2017); United States v. Taylor, 767 F. Supp. 2d 428, 438 (S.D.N.Y. 2010) ("The Court finds that [defendant's] prior gun possession is directly relevant to the issue of opportunity and absence of mistake and also admissible to demonstrate [defendant's] ability to access such a weapon.").

Admitting this evidence would not be unduly prejudicial to the defendant. Because the government is required to prove at least one of the defendant's prior felony convictions as an element of the instant offense, evidence of the fact that the defendant is a felon will already be before the jury.  Admitting this evidence will not newly inform the jury of that fact.   See United States v. Williams, 526 F. App'x 29, 35 (2d Cir. 2013) (admission of prior

firearm conviction in firearm-possession prosecution was not unduly prejudicial; "because an element of the offense involved being a convicted felon, there was very little risk of unfair prejudice to [the defendant] in introducing evidence of his 1997 conviction because the jury already knew of his status as a felon").

Moreover, because the prior firearm possession "did not involve conduct any more sensational or disturbing than the crime for which [the defendant] is charged," and in fact involved the very same conduct, "the introduction of [the defendant's] prior firearms possession conviction is not more prejudicial than probative." Taylor, 767 F. Supp. 2d at 438; see United States v. Garcia, 291 F.3d 127, 137 (2d Cir. 2002). Any potential prejudice can be mitigated by a limiting instruction to the jury that it may not consider evidence of the defendant's prior conviction as propensity evidence and may only consider it for the questions of opportunity and access to firearms. See Williams, 526 F. App'x at 35 (no undue prejudice where "the court administered an appropriate limiting instruction"); United States v. Crumble, No. 18-CR-32 (ARR), 2018 WL 2016852, at *4 (E.D.N.Y. May 1, 2018) ("[T]o the extent that the jury could possibly construe this evidence as establishing [the defendant]'s propensity . . . a proper limiting instruction as to the limited purposes for which this evidence is being introduced can dispel this potential prejudice."). Accordingly, the Court should permit the government to admit evidence of the defendant's prior possession of a firearm, including through the defendant's guilty plea to that prior offense.

III.    The Government Should Be Permitted to Cross-Examine the Defendant About a Prior Felony Conviction If He Testifies

The Court should permit the government to cross-examine the defendant regarding his prior conviction for possession of narcotics with intent to sell in the event he testifies.

9

A.      <u>Applicable Law</u>

For the purpose of attacking the defendant's character for truthfulness, evidence that the defendant was convicted of a crime punishable by a term of imprisonment in excess of one year "shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused," Fed. R. Evid. 609(a)(1)(B), provided that fewer than ten years have passed since the defendant's "conviction or release from confinement for it, whichever is later."  Fed. R. Evid. 609(b).

In weighing the probative versus prejudicial value of impeaching a defendant with prior convictions, courts generally consider five factors: (1) the impeachment value of the prior crimes; (2) the date of the convictions and the defendant's subsequent history; (3) the degree of similarity between the past crimes and the charged crime, with dissimilarity favoring admission; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. <u>See</u> <u>United States v. Hayes</u>, 553 F.2d 824, 828 (2d Cir. 1977); <u>United States v. Jimenez</u>, 214 F.3d 1095, 1098 (9th Cir. 2000); <u>United States v. Smith</u>, 131 F.3d 685, 687 (7th Cir. 1997); <u>United States v. Sloman</u>, 909 F.2d 176, 181 (6th Cir. 1990); <u>United States v. Thomas</u>, 214 F. Supp. 3d 187, 195 (E.D.N.Y. 2016); <u>Jones v. City of New York</u>, No. 98-CV-6493 (LBS), 2002 WL 207008, at *2 (S.D.N.Y. Feb. 11, 2002).  "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully."  <u>Crumble</u>, 2018 WL 2016852, at *5 (quoting <u>United States v. Estrada</u>, 430 F.3d 606, 616 (2d Cir. 2005)).

In <u>United States v. Estrada</u>, the Second Circuit held that the district court had misapplied Rule 609 "by limiting the scope of impeachment . . . as a matter of policy, to the fact and date of the[] felony convictions without permitting inquiry into the statutory names of the witnesses' offenses of conviction."  430 F.3d at 615.  The Second Circuit instructed that the

"evidence" of prior convictions that may be admitted under Rules 609(a)(1) and (2) includes "the essential facts of a witness's convictions, including the statutory name of each offense, the date of conviction, and the sentence imposed."  Id. at 615.

B.    Discussion

Here, all five factors weigh in favor of permitting the government to impeach the defendant with his recent, October 2020 conviction for Attempted Criminal Possession of a Controlled Substance in the Third Degree – Intent to Sell, in violation of N.Y.P.L. § 220.16(01). With respect to the first factor, the impeachment value of the defendant's prior crime, "the Second Circuit has indicated that drug-sale convictions can have significant probative value as to character for truthfulness."  Crumble, 2018 WL 2016852, at *6 (citing Hayes, 553 F.2d at 828 n.8).  The second factor, the date of the conviction, speaks to its continued validity—particularly because, here, the defendant's arrest occurred less than a year before the charged conduct in the instant case.  Third, the defendant's previous conviction was for a crime other than possession of a gun.[4]

The fourth and fifth factors—the importance of the testimony subject to impeachment, and the centrality of the defendant's credibility—further weigh in favor of the government's position.  Should the defendant testify, the case may turn on whose version of events the jury believes: that of the police officers who recovered the firearm from the bag the defendant was holding, or that of the defendant.  Accordingly, the defendant's credibility will be a crucial issue.

---

[4]    The government does not intend to impeach the defendant's credibility with his earlier 2013 conviction for Criminal Possession of a Firearm, although, as discussed above, the government seeks to admit evidence of this crime pursuant to Rule 404(b).

IV.     The Court Should Preclude Evidence and Argument Concerning the Defendant's Possible
        Punishment

        The Court should preclude the defendant from referencing at trial any

consequences of his conviction.  If convicted, the defendant faces a statutory maximum of 10

years' imprisonment.  While the defense has not suggested that it intends to introduce any

discussion of these facts at trial, out of an abundance of caution, the government moves to

preclude at trial any discussion of the defendant's possible punishment or collateral

consequences of conviction.

        Evidence regarding possible consequences the defendant may face if convicted is

not relevant.  "[T]he district court has broad discretion to exclude evidence that is irrelevant

. . . ."  United States v. Edwards, 631 F.2d 1049, 1051 (2d Cir. 1980); see also Fed. R. Evid. 403.

The defendant's potential punishments are not "facts of consequence" to be determined at trial.

Fed. R. Evid. 401.  Therefore, any evidence of those issues is not relevant.  See Shannon v.

United States, 512 U.S. 573, 579 (1994) ("Information regarding the consequences of a verdict is

. . . irrelevant to the jury's task.").

        Such evidence is not only irrelevant, but "invites [jurors] to ponder matters that

are not within their province, distracts them from their factfinding responsibilities, and creates a

strong possibility of confusion."  Id.  Indeed, jurors are routinely instructed not to consider a

defendant's punishment in determining a defendant's guilt.  See generally Sand et al., Modern

Federal Jury Instructions ("Sand"), Instruction 9-1 (2017 ed.); see also Shannon, 512 U.S. at 579

(a jury "should be admonished to reach its verdict without regard to what sentence might be

imposed [and] not to consider the consequences of their verdicts . . . ." (internal citation

omitted)); United States v. Watts, 934 F. Supp. 2d 451, 464-65 (E.D.N.Y. 2013) ("[I]t is well-

established precedent that jurors should not be informed about the possible consequences of their

verdict due to the likelihood that prejudice, unfairness, and confusion that would result.").

Courts have repeatedly precluded evidence of the potential sentences defendants

face on the grounds that such evidence is irrelevant, unfairly prejudicial and outside the province

of the jury.  See, e.g., United States v. Lewis, 110 F.3d 417, 422 (7th Cir. 1997) (holding that

district court correctly refused to permit defendant to argue about the severity of his possible

punishment); United States v. DiMarzo, 80 F.3d 656, 660 (1st Cir. 1996) (district court "soundly

excluded" evidence of a potentially harsh sentence because such evidence "would have

necessitated an unwarranted departure from the fundamental division of responsibilities between

judge and jury."); United States v. Blume, 967 F.2d 45, 49 (2d Cir. 1992) ("Federal courts

usually instruct juries not to consider a verdict's consequences").    In short, guilt should

determine punishment, not the other way around.  See United States v. Thomas, 116 F.3d 606,

614 (2d Cir. 1997) ("Nullification is, by definition, a violation of a juror's oath to apply the law

as instructed by the court . . . .  We categorically reject the idea that, in a society committed to

the rule of law, jury nullification is desirable or that the courts may permit it to occur when it is

within their authority to prevent.").  Courts have consistently recognized that juries have no right

to nullify, and "trial courts have the duty to forestall or prevent such conduct."  Id. at 616.

Therefore, the Court should preclude the defendant from referencing his potential punishment at

trial.[5]

---

[5]    Nevertheless, to the extent that defendant exercises his right to testify, the Court
should permit the government to cross-examine him regarding the potential consequences of
conviction that he faces because, then, it is relevant to the defendant's credibility as a witness.
See Davis v. Alaska, 415 U.S. 308, 316 (1974) (discussing use of cross-examination to reveal
"possible biases, prejudices, or ulterior motives of the witness as they may relate directly to
issues . . . in the case at hand.  The partiality of a witness is subject to exploration at trial, and is

V.      <u>The Defense Should Not Be Permitted to Raise the Disbanding of the Anti-Crime Squad</u>

The Court should preclude the defendant from referencing at trial that NYPD Anti-Crime Squad was disbanded after his arrest.  The police commissioner's decision to disband the Anti-Crime Squad was in no way related to this case and is not relevant to this case.  In addition, any discussion of the issue would confuse the jury or falsely suggest that the officers in this case were somehow involved in misconduct by virtue of their membership in the Anti-Crime Squad.  Any discussion of the dissolution of the Anti-Crime Squad should therefore be precluded pursuant to Fed. R. Evid. 403.

---

always relevant as discrediting the witness and affecting the weight of his testimony." (internal quotation omitted)).

CONCLUSION

For the foregoing reasons, the government respectfully submits that its motions in limine should be granted.

Dated:      Brooklyn, New York
            March 4, 2022

                                        Respectfully submitted,

                                        BREON PEACE
                                        UNITED STATES ATTORNEY
                                        Eastern District of New York
                                        Attorney for Plaintiff
                                        271 Cadman Plaza East
                                        Brooklyn, New York 11201


                              By:       /s/ Nick M. Axelrod
                                        Nick M. Axelrod
                                        Assistant United States Attorney
                                        (718) 254-6883

15