DCP:NMA
F. #2020R00589

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -                                        Docket No. 20-CR-295 (WFK)

STEVEN CARTER,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

REPLY MEMORANDUM OF LAW IN SUPPORT
OF THE GOVERNMENT'S MOTIONS *IN LIMINE*

                                      BREON PEACE
                                      United States Attorney
                                      Eastern District of New York
                                      271 Cadman Plaza East
                                      Brooklyn, New York 11201

Nick M. Axelrod
Assistant U.S. Attorney
    (Of Counsel)

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    I.  The Court Should Preclude the Defendant from Introducing His Own Self-Serving Hearsay Statements ................................................................................................... 2

    II.  The Defendant's Prior Weapons Possession Is Admissible to Show Access, Opportunity, and Lack of Mistake ............................................................................................... 3

    III.  The Defendant's Prior Felony Conviction for Possession of Narcotics with Intent to Sell is Admissible if He Testifies ............................................................................. 5

    IV.  The Defense Should Be Precluded From Raising the Disbanding of the Anti-Crime Squad 6

CONCLUSION ............................................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**

United States v. Barret, No. 10-CR-809 (S-3) (KAM),
  2011 WL 6704862 (E.D.N.Y. Dec. 21, 2011) ................................................................. 4

United States v. Brown, 606 F. Supp. 2d 306 (E.D.N.Y. 2019) .................................................. 4, 5

United States v. Crumble, No. 18-CR-32 (ARR),
  2018 WL 2016852 (E.D.N.Y. May 1, 2018) ................................................................. 4, 5

United States v. Hayes, 553 F.2d 824 (2d Cir. 1977) ................................................................. 5

United States v. Jackson, No. 19-CR-356 (ARR),
  2020 WL 7060141 (E.D.N.Y. Dec. 2, 2020) ................................................................. 3, 4

United States v. Marin, 669 F.2d 73 (2d Cir. 1982) ................................................................. 2

United States v. Slaughter, 248 F. App'x 210 (2d Cir. 2007) ................................................................. 3

United States v. Walia, No. 14-CR-213 (MKB),
  2014 WL 3734522 (E.D.N.Y. July 25, 2014) ................................................................. 2

United States v. Zappola, 677 F.2d 264 (2d Cir. 1982) ................................................................. 3, 4

**State Statutes**

New York Penal Law § 220.16 ................................................................. 4

**Rules**

Fed. R. Evid. 404 ................................................................. 5

Fed. R. Evid. 803 ................................................................. 3

PRELIMINARY STATEMENT

The government respectfully submits this memorandum of law in support of its motions in limine in anticipation of trial, ECF No. 49, and in reply to the defendant's opposition to the government's motions in limine, ECF No. 52. In his opposition, the defendant seeks to admit his own hearsay statements at trial and to preclude the jury from hearing about his prior weapons possession or his prior narcotics dealing, in the event he testifies. But the defendant has not identified any non-hearsay purpose or hearsay exception that could conceivably apply to his statements, or any specific statement that he would like to introduce. To the extent the defendant wishes the jury to hear his version of events, he is free to testify, so the jury can evaluate his credibility and so he can be cross-examined. The defendant's prior convictions are also admissible. As the Second Circuit and courts within this District have held, his prior firearms conviction demonstrates the defendant's access to firearms. The defendant's recent conviction for possession of narcotics with intent to sell, i.e. drug dealing, is also relevant to his credibility should he testify. For those reasons, and for the reasons stated in the government's motion and below, the Court should grant the government's motions in limine.

ARGUMENT

I.  The Court Should Preclude the Defendant from
    Introducing His Own Self-Serving Hearsay Statements

At trial, the government expects to play for the jury body-worn camera footage showing the stop of the defendant, the NYPD officers' discovery that the defendant was carrying a loaded .40 caliber pistol, and the officers' arrest of the defendant. The footage the government expects to play is approximately four minutes and 30 seconds and ends when the defendant is placed in the officers' car to be transported to the precinct house. This footage stands on its own and requires no additional footage for "context" or "completeness." The defendant should be precluded from introducing his own subsequent self-serving statements during the ride to the precinct house.

The rule of completeness does not require the admission of any additional portion of the video to place in context the defendant's arrest and subsequent statements. The rule of completeness applies where the "exclusion [of the defendant's statement] would unfairly distort the meaning of the [defendant's] non-hearsay statements that are in evidence." United States v. Walia, No. 14-CR-213 (MKB), 2014 WL 3734522, at *8 (E.D.N.Y. July 25, 2014). Or where the statements are needed to "explain the admitted portion, to place it in context, or to avoid misleading the trier of fact." United States v. Marin, 669 F.2d 73, 85 (2d Cir. 1982). None of these purposes apply to the defendant's questioning of the officers' basis for the stop. His statements are wholly unrelated to the earlier interaction between the officers and the defendant, in which Officer Weekes asked the defendant "what's in the bag?" and the defendant responded "nothing but my belongings." They also shed no light on the officers' pedigree questions immediately following the defendant's arrest or the defendant's response—that he didn't like the neighborhood and borrowed the gun for protection, which is obvious and easily understood.

2

The defendant also contends that these statements are admissible for a non-hearsay purpose or under various exceptions to the hearsay rule. As an initial matter, the defendant's proffered non-hearsay purpose, to provide "background and context," ECF 52 at 2, is not a non-hearsay purpose at all or is at best a recast argument under the rule of completeness.[1] Attempting to admit a statement as "background" or "context" is an effort to admit the statement for the truth of its contents, precisely what is prohibited by the rule against hearsay. In addition, none of the defendant's proffered alternative hearsay exceptions apply: The defendant's statements were regarding past events, and do not register his present impression of conditions ("present sense impression," Fed. R. Evid. 803(1)); he made the statements several minutes after his arrest, not in shock or surprise ("excited utterance," Fed. R. Evid. 803(2)); and the defendant's statements shed absolutely no light on his state of mind ("state of mind," Fed. R. Evid. 803(3)).

II.  The Defendant's Prior Weapons Possession Is Admissible to Show Access, Opportunity, and Lack of Mistake

Courts in this district routinely admit a defendant's prior firearms possession because such possession is relevant for the non-propensity purposes of access, opportunity, and absence of mistake. Citing to United States v. Zappola, the defendant contends that his possession of a loaded firearm in 2013 was too long before the 2020 incident charged in this case to bear on his access to weapons. See ECF 52 at 3 (citing United States v. Zappola, 677 F.2d 264 (2d Cir. 1982)). To be sure, possession of a firearm six months prior to a charged incident as

---

[1] The defendant alternatively claims the conversation between the defendant and officers is necessary to evaluate the officers' credibility. To the extent the defendant believes the testimony of any of the officers is contradicted by their statements during the car ride back to the precinct house, he is free to attempt to cross-examine them on this point. The Court need not address that possibility in advance of trial.

3

in Zappola is relevant evidence of access. But, as Courts in this district have recognized, access to illegal firearms is not fleeting or somehow short lived. Particularly not where, as in this case, the prior possession and instant offense took place in roughly the same location, central Brooklyn. That is why courts have routinely admitted evidence of possession of a firearm years before the charged conduct. In United States v. Slaughter, 248 F. App'x 210 (2d Cir. 2007), the Second Circuit approved admission of prior possession of a firearm approximately five years prior to the charged offense. See id. at 212; Brief of the United States of America, United States v. Slaughter, Case No. 06-2334-cr, 2006 WL 5101298, at *7 (2d Cir. Nov. 17, 2006). In United States v. Jackson, Judge Ross admitted evidence of prior firearms possession approximately four years before the charged incident. No. 19-CR-356 (ARR), 2020 WL 7060141, at *1 (E.D.N.Y. Dec. 2, 2020). And in United States v. Barret, Judge Matsumoto admitted evidence of prior possession of a firearm four years before the beginning of the offense conduct to show "opportunity, absence of mistake and access to firearms." No. 10-CR-809 (S-3) (KAM), 2011 WL 6704862, at *19 (E.D.N.Y. Dec. 21, 2011), aff'd, 677 F. App'x 21 (2d Cir. 2017); United States v. Taylor, 767 F. Supp. 2d 428, 438 (S.D.N.Y. 2010) ("The Court finds that [defendant's] prior gun possession is directly relevant to the issue of opportunity and absence of mistake and also admissible to demonstrate [defendant's] ability to access such a weapon."). This case is no different. As in Slaughter, Jackson, and Barret, the defendant's prior possession of a firearm tends to show that he has access to weapons.[2]

---

[2] The government does not object to a limiting instruction to ensure the jury does not consider his prior weapons possession conviction for an improper propensity purpose. See United States v. Crumble, No. 18-CR-32 (ARR), 2018 WL 2016852, at *4 (E.D.N.Y. May 1, 2018) ("[T]o the extent that the jury could possibly construe this evidence as establishing [the defendant]'s propensity . . . a proper limiting instruction as to the limited purposes for which this evidence is being introduced can dispel this potential prejudice.").

While the probative value of the defendant's prior possession of a firearm is substantial, the potential for unfair prejudice to the defendant is minimal. The jury will already hear evidence that the defendant is a felon. Introducing the defendant's prior conviction for weapons possession will not make the jury newly aware of that fact. See Jackson, 2020 WL 7060141, at *2 ("the jury will already be aware that Mr. Jackson has previously committed a felony, so there is minimal prejudice associated with introducing additional evidence of a prior crime"). And the defendant's prior weapons possession is not any more inflammatory than the instant, nearly identical charge in this case. See id. (noting that the defendant's prior gun possession was "not more inflammatory" than the gun possession charged in the case at bar).

III.  The Defendant's Prior Felony Conviction for Possession of Narcotics with Intent to Sell is Admissible if He Testifies

Should he testify, the defendant's prior conviction for narcotics possession with intent to sell in violation of N.Y.P.L. § 220.16(01) is admissible to impeach his character for truthfulness. In arguing to the contrary, the defendant cites to a single sentence from a single case, United States v. Brown, in which the Court wrote that "drug possession in the third degree has little bearing on the [defendant's] veracity." See ECF No. 52 at 4 (citing United States v. Brown, 606 F. Supp. 2d 306, 219 (E.D.N.Y. 2019)). Brown is persuasive authority for the government's position, not the defendant's. In Brown the Court ultimately admitted the defendant's conviction because, in total, the relevant factors under United States v. Hayes, 553 F.2d 824 (2d Cir. 1977), weighed in favor of admissibility, just as they do here.³ See Brown,

---

³    In Hayes, the Second Circuit collected five factors bearing on admissibility of a prior conviction: 1) the impeachment value of the prior crimes; (2) the date of the convictions and the defendant's subsequent history; (3) the degree of similarity between the past crimes and the charged crime, with dissimilarity favoring admission; (4) the importance of the defendant's

5

606 F. Supp. 2d at 321. Moreover, the Court in Brown admitted the conviction even as it found that it was of limited probative value because it involved "mere narcotics possession," as opposed to distribution, "eight years" before trial. Id. at 319–20; see also Crumble, 2018 WL 2016852 (explaining that drug distribution convictions can have "significant probative value"). Here, the defendant was in fact convicted of possession with intent to sell, i.e. distribution not mere possession, and he was convicted of this offense less than two years before trial.

IV.   The Defense Should Be Precluded From
      Raising the Disbanding of the Anti-Crime Squad

The NYPD's reasons for disbanding the anti-crime team are irrelevant to the only issue in this case—whether the defendant Steven Carter possessed a firearm following his conviction for a felony offense. The Court should reject the defendant's effort to distract the jury by injecting irrelevant public policy issues into this case. The Court has already found that the officers testified credibility and that their stop of the defendant was lawful and did not violate his Fourth or Fifth Amendment rights. See ECF No. 51 at 13, 16. To the extent he seeks to argue that the disbanding of the anti-crime team "reflected a culture of dishonesty and abuse of authority," that argument is an improper effort to introduce irrelevant propensity evidence forbidden by Rule 404(b). See Fed. R. Evid. 404(b) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.").

---

testimony; and (5) the centrality of the credibility issue. See 553 F.2d at 828. The defendant has not made any effort to argue that these factors weigh against admissibility.

6

## CONCLUSION

For the foregoing reasons, the government respectfully submits that its motions <u>in limine</u> should be granted.

Dated:     Brooklyn, New York
           March 11, 2022

                                           Respectfully submitted,

                                           BREON PEACE
                                           UNITED STATES ATTORNEY
                                           Eastern District of New York
                                           Attorney for Plaintiff
                                           271 Cadman Plaza East
                                           Brooklyn, New York 11201

                        By:     /s/ Nick M. Axelrod
                                           Nick M. Axelrod
                                           Assistant United States Attorney
                                           (718) 254-6883