

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DCP:NMA
F. #2020R00589

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 11, 2022

By ECF and Email

The Honorable William F. Kuntz II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:    United States v. Carter
                 Criminal Docket No. 20-295 (WFK)

Dear Judge Kuntz:

        The government respectfully submits this letter in connection with the upcoming trial in the above-captioned case.  On March 9, 2022, the Court denied the defendant's motion suppress the gun and ammunition seized from the defendant on April 29, 2020 and his post arrest statements.  ECF No. 51.  In light of the Court's decision, the government (i) moves to preclude the defendant from arguing to the jury that he was improperly or unlawfully stopped and arrested or that his statements were taken in violation of Miranda v. Arizona, 384 U.S. 436 (1966), and (ii) to request the Court instruct the jury that all evidence in this case was obtained lawfully.  The Court has already decided that the gun and ammunition were seized lawfully and that the arresting officers did not violate the defendant's Miranda rights.  Re-litigating those issues at trial would do nothing but confuse the jury and distract them from the only relevant question — whether the defendant possessed a firearm that had traveled in interstate commerce, following a felony conviction, on April 29, 2020.

        In addition, the government writes to respond to the defendant's objection to testimony regarding the value of the firearm seized from the defendant.  See ECF No. 52 at 6.  This testimony is relevant and admissible both to show absence of mistake and to negate any argument that the defendant's position of the firearm was not knowing.

I.     Background

        On August 6, 2020, the defendant was charged by indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  The charge against the defendant stems from his April 29, 2020 arrest by New York City Police Department ("NYPD") officers who found the defendant carrying a loaded .40 caliber Smith & Wesson pistol late at night on a dangerous street corner in East New York.  Following his arrest, the defendant told the arresting

officers, in sum and substance, that he had borrowed his cousin's "piece" because he didn't like the neighborhood.

On September 5, 2021, the defendant moved to suppress the loaded firearm, ammunition, and his statements. ECF No. 29. The defendant argued that the officers stopped him in violation of the Fourth Amendment because they lacked reasonable suspicion to believe he was armed, and that his post-arrest and pre-Miranda admissions were taken in violation of the Fifth Amendment. The Court held an evidentiary hearing on the motion on February 23, 2021 and heard testimony from Officers Kevin Morgan and Renaldo Weekes, two of the officers who stopped the defendant, and NYPD Detective Debra Lawson, the case detective. See Case No. 20-CR-295 (WFK) (Feb. 23, 2022 minute entry).

On March 9, 2022, the Court denied the motion to suppress. The Court credited Officer Morgan's testimony that he observed the outline of a heavy L-shaped object in the defendant's paper bag, that the defendant was pacing, appeared nervous, and was sweating, and that the defendant attempted to conceal the paper bag from the officers as they approached. ECF No. 51 at 12. The Court also credited the officers' testimony that the area where the defendant was stopped is a high-crime area, with a history of homicides, shootings, robberies, and other violent crime. ECF No. 51 at 12. With respect to the defendant's statements, the Court found that the officers' pedigree questions did not amount to "custodial interrogation" and therefore that the defendant's statements were not taken in violation of Miranda and the Fifth Amendment. ECF No. 51 at 15–16.

II.    Discussion

    A.    The Defendant Should Be Precluded From Re-Litigating
        the Propriety of the Stop and His Post-Arrest Statements

Rule 104 of the Federal Rules of Evidence makes clear that the Court decides "preliminary questions" outside the presence of the jury, including whether or not evidence is admissible. See Fed. R. Evid. 104(a) ("The court must decide any preliminary question about whether . . . a privilege exists, or evidence is admissible."), 104(c) ("The court must conduct any hearing on a preliminary questions o that the jury cannot hear . . . ."). The Court has done so in this case, after taking testimony from three witnesses, and with the benefit of briefing from the parties. Any attempt by the defendant to raise claims that the officers' efforts to stop and search him were improper would be an impermissible attempt to relitigate this already-decided issue. See United States v. Lights, No. 15 CR 721 (RWS), 2016 WL 7098633, at *1-2 (S.D.N.Y. Dec. 5, 2016) ("The stop and subsequent searches were all based on valid probable cause. . . . This issue has been litigated and decided. No reference to the illegality of the stop or subsequent searches will be permitted at trial.") (internal citation omitted).

Moreover, the propriety of the search is irrelevant to the only factual questions for the jury—whether the defendant possessed a firearm, whether that firearm traveled in interstate commerce, and whether the defendant was previously convicted of a felony offense. See Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). Permitting the defense to argue that the stop was improper or the product of government overreach would lead to a needless and irrelevant

mini-trial.[1]  It would also distract the jury from the questions actually presented and invite the jurors to decide the case based on their feelings about law enforcement investigations and the NYPD, rather than their determination of the defendant's guilt in this case.  See, e.g., Jury Instructions, United States v. Pikus, No. 16-CR-329 (AMD), 2019 WL 8113500 (E.D.N.Y. Nov. 15, 2019) ("[A]ny evidence that was presented to you was obtained legally and you can consider it.").

      B.  The Court Should Instruct the
           Jury that All Evidence Was Obtained Lawfully

        For the same reasons, the jury should be instructed that all evidence in this case was obtained lawfully.  Such an instruction is necessary to ensure that the jury's verdict is based on the evidence actually admitted in this case, and not their personal views of the NYPD or law enforcement investigations generally.  More specifically, the government proposes the following charge:

> During the trial in this case, you have heard evidence about a variety of investigative techniques and methods of collecting evidence.  I instruct you that any evidence that was presented to you was obtained legally and you can consider it.  The methods used to collect evidence or investigate should not enter your deliberations in any respect.

Adapted from the charge of the Hon. Ann M. Donnelly, United States v. Pikus, No.16 CR 329 (AMD) (E.D.N.Y.) and the Hon. Kiyo A. Matsumoto, United States v. Rivera, et al., No. 13 CR 149 (AMD) (E.D.N.Y.); see also United States v. O'Brien, No. 13 CR 586 (RRM), 2017 WL 2371159, at *12 (E.D.N.Y. May 31, 2017) (approving instruction that all evidence was "obtained lawfully" and "the use of . . . searches to gather evidence is perfectly lawful and the Government has the right to use such evidence in this case"); see also United States v. Barcelo, No. 13-CR-38 (RJS), 2014 WL 4058066, at *14 (S.D.N.Y. Aug. 15, 2014) (approving instruction that all evidence was lawfully obtained).

      C.  The Court Should Permit Testimony
           Regarding the Value of the Defendant's Firearm

        The government intends to call at trial Senior Special Agent Matthew Fleming of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") to testify about the identification and interstate nexus of the firearm, and its monetary value in New York City.  The defendant does not object to Agent Fleming's testimony regarding identification of the firearm or interstate nexus, but contends that the value of the firearm is irrelevant to the issues at trial.  See ECF No. 52 at 6.

        Testimony regarding the value of the defendant's firearm is relevant to the defendant's knowledge and to rebut any defense argument that the arresting officers "planted"

---

[1]      The legality of the stop has no relevance to the issues for trial, but even if it did, any de minimis relevance would be "substantially outweighed" by the potential for unfair prejudice, confusion, and undue delay of permitting it.  See Fed. R. Evid. 403.

the firearm.  Although the evidence at trial will show that the defendant admitted to the arresting officers that he possessed the firearm, the government anticipates that the defendant may argue that he did not know that there was a firearm in the worn paper bag.  To the extent he does so, the fact that the weapon is valuable tends to make it less likely that another individual would entrust the defendant with the weapon without his knowledge.  The value of the firearm is also relevant in the event the defendant argues that the arresting officers "planted" the firearm.  The fact that the firearm is expensive tends to make it less likely that the officers would have a spare firearm on hand when they stopped the defendant or that they would give up such a weapon to frame the defendant.

III.    Conclusion

        For the foregoing reasons, the Court should: (i) preclude evidence and argument relitigating the lawfulness or propriety of the stop and search of the defendant and his statements, and (ii) instruct the jury that all evidence admitted at trial was obtained lawfully, and (iii) permit Special Agent Fleming to testify to the value of the firearm.

        Thank you for your consideration.

                                        Respectfully submitted,

                                        BREON PEACE
                                        United States Attorney

                        By:     /s/ Nicholas Axelrod
                                        Nicholas M. Axelrod
                                        Assistant U.S. Attorney
                                        (718) 254-6883

cc:     Clerk of the Court (WFK) (by ECF)
        Michael P. Padden, Esq. (by ECF)