

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SME:NMA
F. #2020R00589

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 9, 2024

By ECF

The Honorable William F. Kuntz II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Steven Carter
               Criminal Docket No. 20-295 (WFK)

Dear Judge Kuntz:

      The government respectfully submits this letter in advance of the defendant's sentencing, which is currently scheduled for February 16, 2024. The government respectfully submits that a sentence within the applicable U.S. Sentencing Guidelines (the "Guidelines") range of 57 to 71 months is sufficient, but not greater than necessary, to achieve the goals of sentencing in this case.

    I.    Background

      Late in the evening on April 29, 2020, patrolling officers from the New York City Police Department ("NYPD") noticed the defendant standing on a street corner in East New York clutching a weighted paper bag. See Presentence Investigation Report ("PSR") ¶ 5. The officers conducted a stop, patted the bag, and discovered a Smith & Wesson .40 caliber pistol. Id. The gun was loaded with 12 rounds of ammunition, including one round in the chamber. In the course of the arrest, the defendant told the officers that he had borrowed his cousin's "piece." PSR ¶ 6.

      The defendant was indicted on August 6, 2020 and charged with being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g). Following the defendant's release on bond in this case, he was convicted of possessing yet another firearm in Watertown, New York. PSR ¶ 33. The incident giving rise to the Watertown arrest occurred on June 29, 2020, after the defendant was arrested by the NYPD in this case, but before he was indicted in federal court. The Court revoked the defendant's bond following his conviction in Watertown. The defendant pleaded guilty to the sole count of the indictment, pursuant to a plea agreement, on March 14, 2023. See ECF Dkt. No. 75.

The defendant has a 20-year criminal record that includes at least two prior felony weapons convictions: one in August 2013 and the October 2020 incident in Watertown, New York described above, and a total of five felony convictions. PSR ¶¶ 22–33. In total, the defendant has 16 criminal history points:

- A 2010 conviction for misdemeanor assault involving an ice pick, see PSR ¶ 25;

- A 2010 conviction for misdemeanor possession of narcotics, see PSR ¶ 26;

- A 2011 conviction for another misdemeanor assault involving a razorblade, see PSR ¶ 28;

- A 2012 conviction for attempted second-degree robbery, see PSR ¶ 29;

- A 2014 conviction for criminal possession of a firearm that was found to have been stolen, see PSR ¶ 30;

- A 2016 conviction for misdemeanor assault, see PSR ¶ 31;

- A 2020 conviction for attempted criminal possession of a controlled substance in the third degree, see PSR ¶ 32; and

- The 2020 conviction for criminal possession of a weapon in the third degree in Watertown, New York, see PSR ¶ 33.

The defendant's record also includes parole violations. The defendant's 2014 conviction stems from an incident in which the defendant possessed a firearm while on parole for his 2012 conviction for attempted robbery. PSR ¶ 39. The defendant violated his parole in connection with his 2014 conviction for possessing a firearm. PSR ¶ 30. The defendant committed the instant offense while on pre-trial release in connection with his 2019 arrest for attempted criminal possession of a controlled substance in the third degree. See PSR ¶ 32.

II.     Sentencing Guidelines

The Guidelines offense level calculation set forth in the PSR is the same as the Guidelines calculation stipulated to by the defendant in the plea agreement, except that following United States v. Gibson, 55 F.4th 153 (2d Cir. 2022), his 2020 conviction for attempted criminal possession of a controlled substance is no longer a "controlled substance offense" within the meaning of U.S.S.G.§ 2K2.1. The Guidelines offense level calculation is as follows:

| | |
|---|---|
| Base Offense Level (§ 2K2.1(a)(4)(A)) | 20 |
| Less:  Acceptance of Responsibility (§ 3E1.1) | -2 |
| Total: | 18 |

PSR ¶¶ 12–20.

The PSR calculates the defendant's Criminal History Category ("CHC") as VI, yielding a Guidelines imprisonment range of 57 to 71 months.

III.     Argument

The government respectfully submits that a Guidelines sentence would be sufficient, but not greater than necessary, to achieve the goals of sentencing in this case. The government respectfully submits that a sentence within the Guidelines range, with credit for time served, is sufficient, but not greater than necessary, to achieve the goals of sentencing. See 18 U.S.C. § 3553(a). As the Court is aware, an appropriate sentence should, among other things, reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense. See 18 U.S.C. § 3553(a)(2)(A). In addition, an appropriate sentence should take into account the history and characteristics of the defendant, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner. Id. § 3553(a)(1)–(2). In weighing these factors, "a district court has broad latitude to 'impose either a Guidelines sentence or a non-Guidelines sentence.'" United States v. Rigas, 583 F.3d 108, 114 (2d Cir. 2009) (quoting United States v. Sanchez, 517 F.3d 651, 660 (2d Cir. 2008)).

A Guidelines sentence is necessary in the instant case to serve the interests of specific and general deterrence. The defendant's numerous prior convictions and sentences have been insufficient to deter him from criminal conduct. This is his fifth felony conviction, and it follows two prior gun-related convictions, and a conviction for a 2012 robbery during which, according to the PSR, the defendant brandished a firearm and stated to the victim "word to blood I will shoot you if you move." PSR ¶ 29. A Guidelines sentence is necessary to put a stop to the defendant's repeating cycle of criminal conduct. A Guidelines sentence is also necessary to send a message to the community that conduct like the defendant's is unacceptable; that serious consequences will follow from unlawfully possessing firearms. A Guidelines sentence will also serve the other purposes of sentencing, including by providing for just punishment for the defendant and promoting respect for the law.

3

IV.    <u>Conclusion</u>

For the foregoing reasons, the government respectfully submits that a Guidelines sentences, as determined by the Court, would be sufficient, but not greater than necessary, to achieve the goals of sentencing in this case.

        Respectfully submitted,

        BREON PEACE
        United States Attorney

By:    <u>/s/ Nick M. Axelrod</u>
        Nick M. Axelrod
        Benjamin L. Weintraub
        Assistant U.S. Attorneys
        (718) 254-7000

cc:    Clerk of the Court (WFK) (by ECF)
        Christopher Wright, Esq. (by ECF and Email)