

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SME:NMA
F. #2020R00589

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 13, 2024

By ECF

The Honorable William F. Kuntz II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Steven Carter
                Criminal Docket No. 20-295 (WFK)

Dear Judge Kuntz:

      The government writes in response to the defendant's sentencing submission, ECF Dkt. No. 88, and to clarify the government's position at sentencing.

      The defendant contends that he should receive credit for time served while at the MDC and cites to the government's sentencing letter, ECF Dkt. No. 87, for support, which stated that the defendant should receive "credit for time served."  As set forth below, however, the defendant is currently receiving credit towards his state sentence for his time served in the MDC.  Thus, the government's position is that time served by the defendant in the MDC should not count towards his sentence on the instant federal offense.

      The defendant is currently serving a state sentence for criminal possession of a weapon in the third degree and attempted criminal possession of a controlled substance in the third degree, both felonies.  These offenses are unrelated to the defendant's federal case.  The defendant was transferred to the MDC pursuant to a writ of habeas corpus ad prosequendum to face federal charges, and as such, he remains in state custody.  "It is well-established in the Second Circuit that if an inmate is in state custody when he or she is transferred to temporary federal custody pursuant to a writ of habeas corpus ad prosequendum, the inmate remains the subject of the state's jurisdiction during the time spent in temporary federal custody . . . ." Ramos v. United States, No. 15-CV-1342 (RNC), 2017 WL 384024, at *2 (D. Conn. Jan. 26, 2017).  Because the defendant remains in state custody, he is receiving credit for time served at the MDC towards his state sentence.[1]  Where, as here, the defendant receives credit for time-served towards a state sentence,

---

[1] The defendant is scheduled to be released from state custody on May 12, 2024.  The status of the defendant's state sentence and his anticipated release date can be determined from the New York State Department of Corrections and Community Supervision's ("DOCCS") inmate

he should not also receive credit for time-served towards any federal sentence imposed by the Court. See United States v. Sanchez-Abreu, No. 09-CR-657(RMB), 2011 WL 1453814, at *3 (S.D.N.Y. Apr. 14, 2011)("Defendant is not entitled to receive credit towards both his federal and state terms of imprisonment for the time [he] spent in federal court pursuant to a writ habeas corpus ad prosequendum."). Crediting the defendant for time-served at the MDC would afford the defendant an inappropriate windfall by counting his time spent at the MDC towards both his state and federal sentences.

                                     Respectfully submitted,

                                     BREON PEACE
                                     United States Attorney

By:   /s/ Nick M. Axelrod
       Nick M. Axelrod
       Benjamin L. Weintraub
       Assistant U.S. Attorneys
       (718) 254-7000

cc:     Clerk of the Court (WFK) (by ECF)
           Christopher Wright, Esq. (by ECF and Email)

---

lookup tool, available at: https://nysdoccslookup.doccs.ny.gov/. The defendant's "department ID number" or "DIN" is 20A1637.